[No. 20904.    Department One — August 19, 1892.]

THE PEOPLE, RESPONDENT, *v.* AH SING, APPEL-
LANT.

95 657
97 230
95 657
113 285

CRIMINAL LAW — TIME FOR FILING INFORMATION — RETURN OF DEPOSI-
TIONS AND COMMITMENT — MOTION FOR DISCHARGE — DISCRETION. —
'A motion in a criminal prosecution to discharge the defendant, because
the information was not filed within thirty days after he was held to
answer, may be denied in the discretion of the court, where it appears
that at the time of the making of the motion the depositions and com-
mitment thereon, upon which the information was based, had not been
returned to the court by the committing magistrate.

ID. — PERJURY — TESTIMONY UPON TRIAL — MATERIALITY TO THE ISSUE. —
In order to constitute the offense of perjury, alleged to have been com-
mitted in the giving of testimony upon a trial, it is not only necessary
that the testimony should be false, but it must also appear that the
testimony was material to the issue on trial. Testimony given as to
matters collateral to the question at issue cannot furnish the foundation
for a charge of perjury.

ID. — ALLEGATION AND PROOF OF MATERIALITY. — The materiality of the
evidence in such a case is not only a necessary element of the informa-
tion, but it is a fact which must be established by the evidence of the
prosecution as fully and completely as any other fact in the case.

ID. — PERJURY UPON EXAMINATION OF ANOTHER CHARGED WITH PERJURY
— FALSE CHARGE OF LARCENY — IMMATERIAL TESTIMONY. — Upon a
prosecution for perjury, alleged to have been committed by the defend-
ant at the preliminary examination before a justice of the peace, of
another person also charged with perjury, where it appears that the
complaint against the latter alleged that he committed perjury in swear-
ing to a complaint falsely charging another person with petit larceny,
but it does not appear what property was charged to have been stolen,
and the only specification of perjury against the defendant is that he
falsely testified that he saw the person charged with the larceny "take
a bracelet" belonging to the person charged with perjury, it does not
appear that such testimony was material upon the examination for per-
jury, and the evidence fails to support a judgment of conviction of the
defendant.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

The facts are stated in the opinion of the court.

*Augustus A. Montaño,* for Appellant.

The defendant's motion to dismiss and to discharge
the defendant from custody, upon the ground that the

XCV CAL.—42

information was not filed within thirty days after his preliminary examination, should have been granted. (*People* v. *Morino*, 85 Cal. 515; Pen. Code, secs. 809, 876, 1382.) The defendant was not guilty of perjury, as the testimony which he was charged to have given was not material to the case. (Pen. Code, sec. 118; *Commonwealth* v. *Pollard*, 12 Met. 225; *State* v. *Aikens*, 32 Iowa, 403; *Nelson* v. *State*, 32 Ark. 192.) The materiality of the testimony must be established by the evidence, and cannot be left to presumption or inference. (*State* v. *Aikens*, 32 Iowa, 403; *Nelson* v. *State*, 32 Ark. 192; *Commonwealth* v. *Pollard*, 12 Met. 225.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General Charles H. Jackson*, and *District Attorney James McLachlan*, for Respondent.

It was in the discretion of the court to refuse to discharge the defendant. (Pen. Code, sec. 1382; *People* v. *Camilo*, 69 Cal. 540.) As the evidence was conflicting, and there was some evidence tending to prove the charge, the judgment should be affirmed. (Hayne on New Trial and Appeal, sec. 288; *Lick* v. *Madden*, 36 Cal. 213; 95 Am. Dec. 175; *People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *Wilson* v. *Fitch*, 41 Cal. 385; *People* v. *Estrada*, 53 Cal. 601.) Convictions were sustained in the following cases: *Bailey* v. *Commonwealth*, 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth*, 82 Va. 334; *Glover* v. *Commonwealth*, 86 Va. 382.

GAROUTTE, J. — The appellant, Ah Sing, was convicted of perjury, and now asks this court to review the judgment and order denying his motion for a new trial.

The demurrer to the information was properly overruled, and we cannot say that the motion to discharge the defendant, by reason of the fact that the information was not filed within thirty days after the defendant was held to answer, should have been granted. An information filed by the district attorney against an accused is based upon the depositions and commitment thereon

returned by the committing magistrate to the clerk of the superior court. It appears that at the time this motion was made these papers had not been returned to the court by the committing magistrate, and the trial court denied the motion upon that state of facts. It does not appear that such ruling was not made under a proper exercise of judicial discretion.

The charge of perjury, upon which the appellant was convicted, is alleged to have been committed at the preliminary examination of one Ah Wai, who was being examined before a justice of the peace upon a complaint also charging perjury. The complaint against Ah Wai alleged that he committed perjury in swearing to a complaint falsely charging one Kio Kiang with having committed the crime of petit larceny. The false testimony, upon which the present charge of perjury is based, is set out in the information, but as to the major portion of it, the record does not disclose sufficient evidence to support it as a fact, and if proven, it is quite apparent that under no circumstances could it be material to the issue under examination in the trial of Ah Wai. The only specification of perjury set out in the information which demands our consideration is the following: "That on the sixteenth day of April, 1891, he, the said Ah Sing, saw one Kio Kiang, a Chinese woman, take a bracelet belonging to one Ah Wai, from the house of one Ah Sing, in the city of Pomona, in the county of Los Angeles." Conceding that the record discloses the complete falsity of the foregoing testimony of the accused, given at the trial of Ah Wai, still, in order to constitute the offense of perjury, another and additional element is necessary, and that is, it must appear that such testimony was material to the issue on trial. It is an elementary principle that testimony given as to matters collateral to the question at issue cannot furnish the foundation for a charge of perjury, and this principle of law was recognized here by the district attorney in framing the information, and by the court throughout its charge to the jury. Its materiality is not only a necessary element of

the information, but it is a fact which must be established by the evidence of the prosecution as fully and completely as any other fact in the case. We find no evidence in the record to indicate that the foregoing testimony of the accused was material to the issue upon trial at that time. We know that Ah Wai was being examined upon an accusation of perjury, in having sworn to a complaint falsely charging one Kio Kiang with petit larceny, and that is the extent of our knowledge upon the subject. As to what property Kio Kiang was charged by Ah Wai with having stolen, there is a total absence of proof. If the charge made against Kio Kiang was for stealing money, then at the examination of Ah Wai upon a complaint for perjury in making such false charge, this testimony of the defendant was entirely immaterial, and no conviction for perjury could stand against him for a moment. It is only upon the theory or presumption that the perjury charge against Ah Wai was based upon a false accusation against Kio Kiang in stealing a bracelet, the property of Ah Wai, that the testimony was material at the preliminary examination. But, as already suggested, the burden was upon the people to establish such matter as a fact, and the jury were not entitled to speculate upon theories, or indulge in presumptions and inferences against the defendant upon a question so important. The evidence in this particular fails to support the judgment.

The charge of the court to the jury is full and complete, and we find no just grounds of exception thereto.

For the foregoing reasons, let the judgment and order be reversed, and the cause remanded for a new trial.

PATERSON, J., and HARRISON, J., concurred.