## W. E. BLEDSOE v. JASPER N. HANEY.

Decided October 27, 1909.

**1.—Evidence—Recorded Deed—Acknowledgment before Unauthorized Officer— Amended Statute of 1907.**

A deed to land in Texas acknowledged in another State before a justice of the peace, an officer not authorized by the law of Texas to take acknowledgments, but on record for more than ten years without the assertion of adverse claim, was admissible in evidence without proof of its execution, when offered by defendant in an action of trespass to try title to show an outstanding legal

title in the grantee, as against plaintiffs who claimed under a subsequent deed from the same grantor.

**2.—Same.**

The words "acknowledged in the manner required by law," in article 2312, Revised Statutes, and in the second clause of the amendment to that section by the Act of April 23, 1907, Laws 30th Leg., p. 308, referred to the authority of the officer to take the acknowledgment as well as to the form of certificate required, and the amendment made such deeds, where recorded for ten years, admissible without proof of their execution, though acknowledged before an unauthorized officer.

**3.—Limitation—Tax Deed.**

A deed under tax sale will not support limitation by possession, use, etc., for five years under a recorded deed, until the expiration of the two years given the owner in which to redeem; possession under such deed was not adverse to the owner during the time allowed for redemption.

Appeal from the District Court of Lubbock County. Tried below before Hon. L. S. Kinder.

*George L. Beatly* and *John R. McGee,* for appellant.—The deed in question came within the provision of the healing Act of the Thirtieth Legislature and should have been admitted in evidence for the purpose of proving the existence of a superior legal title outstanding in the said T. W. Campbell. Adam & Wicks v. House, 61 Texas, 641; Kaufman v. Shellworth, 64 Texas, 180; Kinkaid v. Lee, 119 S. W., 342; Acts of 30th Legislature, p. 308.

The defendant having at the proper time and form interposed the plea of the five years statute of limitation and proven on the trial the adverse, peaceable and continuous possession of himself and those whose estate he has, of the land in controversy, using and enjoying the same for more than five years next preceding the commencement of this suit, under deeds duly registered, and proved the payment of all taxes due on the land during said period of time, the court should have sustained this plea. Seemuller v. Thornton, 77 Texas, 158; Cantragrel v. Von Lupin, 58 Texas, 576; Wofford v. McKinna, 23 Texas, 43; Fry v. Baker, 59 Texas, 404; Callen v. Collins, 120 S. W., 549; City of El Paso v. Ft. Dearborn Natl. Bank, 96 Texas, 496; Fowler v. Simpson, 79 Texas, 618.

*Bean & Klett, H. C. Randolph* and *Dillard & Dillard,* for appellee.—The deed was not acknowledged before nor certified to by any officer authorized by the laws of Texas to take acknowledgments and make certificates thereof to entitle said instruments to record; not being lawfully recorded, the certified copy was of no greater force than the original, and the court properly rejected said certified copy of the instrument taken from the records. Rev. Stats., 1895, arts. 4614, 4616, 4663; Rev. Stats., 1879, art. 4306; Acts 1907, p. 308; McKie v. Anderson, 78 Texas, 210.

Under a tax sale deed providing for defendant's right of redemption for two years from date of sale, the possession is not adverse during said period of two years, and said period during which the right of redemption exists should be excluded from the time of

possession. Sayles' Rev. Stats., art. 5232n; Davis v. Hurst, 14 S. W., 610; Beatty v. O'Harrow, 49 Texas Civ. App., 404.

RICE, ASSOCIATE JUSTICE.—This is an action of trespass to try title, brought in the usual form, by appellee against appellant for the title and possession of eighty acres of land in Lubbock County, Texas.

The defendant answered by plea of not guilty and the five years statute of limitations. The case was tried by the court without a jury, resulting in a judgment in favor of appellee, from which this appeal is prosecuted.

The appellee showed title from the sovereignty of the soil to himself by deeds properly recorded, and the judgment rendered in his favor is proper, provided the action of the court was correct in excluding a deed offered in evidence by appellant, showing an outstanding legal title in one Thomas W. Campbell to the land in controversy, or the conclusion of the court to the effect that the statute of limitations did not apply.

Appellant contends by his first assignment that the trial court erred in refusing to admit in evidence the deed from Charles W. Lindley and Marian T. Lindley, his wife, purporting to convey said land to Thomas W. Campbell, dated the 14th day of February, 1881, and recorded in the proper county on the 24th of February next thereafter, contending by his proposition thereunder that if the same had been so admitted it would have shown a conveyance of an outstanding legal title to the land in controversy to said Campbell long prior to the time when plaintiff acquired the deed under which he claims from said Lindley. On the trial the defendant offered in evidence a deed from Lindley and wife, of Park County, in the State of Indiana, conveying the land involved to Thomas W. Campbell. This deed was acknowledged by Lindley and wife before John J. Woody, a justice of the peace in and for said county on the 14th day of February, 1881, and duly recorded on the 24th day of February, 1881, in the proper county, but the certificate of acknowledgment was defective and not in accordance with our statute. At the time this acknowledgment was taken no officer was authorized outside of this State to take acknowledgments to deeds of lands in this State, except a notary public, the clerk of a court of record, or a commissioner of deeds for this State. Appellee therefore contends that the action of the court in excluding said deed so offered in evidence was correct, said acknowledgment having been taken by an Indiana justice of the peace who was not authorized so to do. But appellant insists that, notwithstanding this fact, the same should have been admitted in evidence, because the Act of the Thirtieth Legislature, approved April 23, 1907, p. 308, so changed the law as to permit its introduction, by providing for *the admission in evidence of any deed which may have been actually recorded for a period of ten years in the proper county, irrespective of whether the same was proved or acknowledged in the manner provided by the laws of this State or not.* The Act in question reads as follows, to wit:

"Section 1. That article 2312 of the Revised Civil Statutes of the State of Texas be and the same is hereby amended so as hereafter to read as follows, to wit:

"Article 2312. Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the County Court, and which has been or *hereafter* may be so recorded, after being proved or acknowledged in the manner provided by the laws *of this* State in force at the time of its registration, *or at the time it was proved or acknowledged, or every instrument which has been or hereafter may be actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not,* shall be admitted as evidence in any suit in this State without the necessity of proving its execution; provided no claim, adverse or inconsistent to the one evidenced by such instrument, shall have been asserted during that ten years; *provided,* that the party to give *such instrument* in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three days before the commencement of the trial of such suit, and give notice of such filing to the opposite party or his attorney of record; and unless such opposite party, or some other person for him, shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged. And whenever any party to a suit shall file among the papers of the cause an affidavit stating that any instrument of writing, recorded as aforesaid, has been lost, or that he can not procure the original, a certified copy of the record of any such instrument shall be admitted in evidence in like manner as the original could be. *And after such instrument shall have been actually recorded, as herein provided for a period of ten years, it shall be no objection to the admission of same, or a certified copy thereof, as evidence, that the certificate of the officer who took such proof or acknowledgment is not in form or substance such as required by the laws of this State,* and said instrument shall be given the same effect as if it were not so defective.

"Sec. 2. The fact that there are no adequate laws to relieve persons whose titles to their lands have been clouded by insufficient acknowledgments and proofs taken and made by ignorant and incompetent officers, creates an imperative public necessity for the suspension of the constitutional rule requiring bills to be read on three several days, and an emergency exists that this Act take effect and be in force from and after its passage, and it is so enacted."

It will be observed that the first clause of said Act is not essentially different from the old law. The second clause, however, provides for a different contingency entirely from the first, and seems to permit the introduction in evidence of *every instrument which has been or may hereafter be actually recorded for a period of ten years in the record of deeds by the clerk, irrespective of whether the same may have been proven or acknowledged in the manner required by law or not, provided no claim, adverse or inconsistent with the one evidenced by such instrument, shall have been asserted during that ten years.* The question, therefore, for consideration

is, what is meant by this new clause, and what construction must be given to its words? It is evident that the Legislature intended to make a radical departure from the system prevailing in the introduction of recorded instruments in evidence at the time of its adoption. The old law, art. 2312 of the Revised Statutes, permitted the introduction in evidence of every instrument of writing which was permitted or required by law to be recorded in the office of the clerk of the County Court, and which has been or may be so recorded after being proven or acknowledged "in the manner provided by the laws in force at the time of its registration," and the expression "in the manner provided by the laws in force at the time of its registration" has been oftentimes construed to mean, not only that the certificate itself must be formal, but that the officer taking the same must have the authority and power so to do; and if it appeared from the certificate that the officer taking the same was not so authorized, the instrument so offered would be rejected, notwithstanding the fact it may have been duly recorded.

In Craddock v. Merrill, 2 Texas, 494, Judge Lipscomb, speaking with reference to the execution of a bond, where the same was attested by two subscribing witnesses and where there had been no effort to prove the execution by either of said witnesses, nor was any evidence offered that said testimony could not be procured, it having been admitted to record on the certificate of the officer who certified that he was the presiding judge of the County Court of Searcy County, in the State of Arkansas, before whom the same was acknowledged, said: "There seems to be an insuperable objection to the admissibility of the evidence as offered. It was not proven in any way required by the laws of this State, nor in accordance with the known rules of evidence. It was not proven that the subscribing witnesses were dead or beyond the jurisdiction of the court, so that their testimony could not be had. This was an essential requisite to open the way for secondary evidence. The bond acquired no authenticity from having been in point of fact recorded, because it was not proven in the mode required for its admission to record. It was not acknowledged before any officer known to our laws, nor was it proven by one of the subscribing witnesses," etc. So here, it was held that the execution of the bond was not proven in the manner required by the laws of this State, and, therefore, it was not admissible in evidence; thus holding that the words "not proven in the manner required by the laws of this State" not only had reference to the manner of the taking of the acknowledgment, but went farther, and embraced the authority of the officer who took the same. Mr. Webster defines the word "manner" as "mode of action; way of performing or effecting anything; method, style; form or fashion." In the Century Dictionary, vol. 5, it is said, the word "manner" means, first, "the way in which an action is performed; method of doing anything; mode of proceeding in any case or situation; mode; way; method."

So it seems to us the expression "whether proved or acknowledged in such manner or not" used in the new statute was certainly in-

tended by the law makers to have the same force and effect as the same expression in the old statute, and we have seen that in the old this expression was held to apply not only to the formality of certifying what was done by the officer, but as well to the power of the officer to take acknowledgment of the person to the instrument. Besides, if we give to these words their usual and ordinary signification and the meaning attached to them by the lexicographers, the expression must be held, in our judgment, to mean the way in which acknowledgment had formerly been taken—the mode of proceeding in such cases, which the Legislature seems to have intended to dispense with.

The last clause of the first section of this Act, which provides that it shall be no objection to the admission of the same or certified copy thereof as evidence, that the certificate of the officer who took such proof or acknowledgment is not, in form or substance, such as required by the laws of this State, and such instrument shall be given the same effect as if it were not so defective, does not, we think, militate against this position, but rather tends to strengthen it, as this clause refers alone to the character of the certificate to the instrument, and does not relate to the authority of the officer taking it. We therefore hold that by this Act the Legislature clearly intended to provide for the introduction in evidence of deeds which have been recorded in the proper office, under two separate and distinct conditions: First, every instrument which may have been recorded after being properly acknowledged, as required by law, before the proper officer; second, every instrument which had been actually recorded for a period of ten years, *whether the same had been properly acknowledged in accordance with law or not*. So believing, we sustain said assignment, and hold that the court erred in excluding said deed.

By his third assignment of error appellant insists that the court erred in holding that appellee's alleged cause of action was not barred by the statute of limitation of five years, pleaded and proven by the defendant on the trial of this case. Appellant introduced in evidence a tax deed from the sheriff of Lubbock County conveying the land in controversy to Geo. L. Beaty, of date May 7, 1901, and duly registered on the 18th day of July, 1901; a deed from Beaty purporting to convey the same land to himself, of date January 3, 1903, filed for record same day and duly recorded January 5, 1903, and showed that he and his vendor had said land enclosed and actually and continuously used and occupied the same, claiming title thereto during the period covered thereby, and had paid all taxes thereon for the years 1900 to 1907, inclusive. The suit was filed June 19, 1907, thus embracing a period of more than seven years that he had held same before the filing of this suit. Appellee contends, however, that the ruling of the court holding that the statute of limitations did not apply to and therefore bar him of the right of recovery was correct, for the reason that appellant's claim was based on a tax deed from the sheriff to Beaty; and that in such cases the five years statute of limitations did not begin to run until two years after the execution of said sheriff's deed to Beaty, during

which time the owner of said land had the right of redemption, and that such period of two years should be excluded from the computation. If this is true, then it appears that defendant's holding was not for a period of five years, as contemplated by the statute. We are inclined to agree with appellee in this contention and to hold that the court did not err in this respect. In the case of Beaty v. O'Harrow, 49 Texas Civ. App., 404, 109 S. W., 414, in which a writ of error was denied by the Supreme Court, it was held, as shown by the syllabus thereof, that the possession by a purchaser of land sold for taxes is not adverse to the owner during the two years from the execution of the deed within which the land may be redeemed, and limitation does not begin to run against the owner before the expiration of the redemption period, citing in support thereof Davis v. Hurst, 14 S. W., 610, which last decision was approved by the Supreme Court. The law provides that the owner during said two years, shall have the right to redeem, and during such period it is evident that there can be no adverse holding under the statute of limitation. The action of the court holding that the statute was not applicable is correct. We therefore overrule this assignment.

On account, however, of the error heretofore pointed out, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*