## BLEDSOE v. HANEY.

(Court of Civil Appeals of Texas. Ft. Worth. June 3, 1911. Rehearing 'Denied July 1, 1911.)

1. VENDOR AND PURCHASER (§ 242*)—BONA FIDE PURCHASERS—RECORD—PRIOR UNRECORDED DEED—BURDEN OF PROOF.

In order for a subsequent vendee of land to successfully defend against a prior unrecorded deed, the burden is on him to show that he is a bona fide purchaser, without notice, and for value.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. § 242.*]

2. VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASERS—INSUFFICIENT ACKNOWLEDGMENT—RECORD—EFFECT.

Acts 30th Leg. c. 165, provides that after a deed defectively acknowledged has been of record for 10 years, such defective acknowledgment will be no objection to its admission in evidence. Held, that after a prior deed, defectively acknowledged, had been of record for 10 years, it was good as against a subsequent purchaser, in the absence of proof that he was an innocent purchaser for a valuable consideration, without notice of such prior deed, even though notwithstanding the act were given no further effect than to make the certified copy admissible in evidence.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Action by Jasper N. Haney against W. E. Bledsoe. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

See, also, 122 S. W. 455.

Geo. L. Beatty and W. H. Bledsoe, for appellant. Dillard & Moore, Randolph & Randolph, and Bean & Klett, for appellee.

DUNKLIN, J. Jasper N. Haney instituted this suit against W. E. Bledsoe to recover 80 acres of land in Lubbock county, and from a judgment in favor of the plaintiff the defendant has appealed.

The principal defense urged by Bledsoe was an outstanding legal title evidenced by a deed from Chas. W. Lindley in favor of T. W. Campbell, dated and recorded in the records of deeds of Lubbock county in the year 1881, but the deed was not acknowledged in accordance with the requirements of the statutes then in force. The deed under which plaintiff claimed title was from Chas. W. Lindley, and was dated May 11, 1907. By an act of the Legislature passed in the year 1907 (see Acts 30th Leg. p. 308), and which became effective in August of the same year, it was provided that after a deed, defectively acknowledged, has been of record for a period of 10 years it shall be no

objection to the admission of the same as evidence, or a certified copy thereof, that the certificate of acknowledgment is not as required by the laws of the state, and that said instrument shall be given the same effect as if it were not defectively acknowledged, provided no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during those 10 years.

On a former appeal of this case, the Court of Civil Appeals for the Third district held that the deed from Lindley to Campbell was admissible in evidence; that deed having been excluded by the trial court upon the first trial. See Bledsoe v. Haney, 122 S. W. 455. On the trial from which this appeal has been perfected, the deed was admitted in evidence, but the trial court held that as the deed was defectively acknowledged the record thereof was not notice to the plaintiff at the time he purchased the land, and that as the act became a law after the date of his deed it could not have a retroactive effect against him.

As noted already, it was shown that, before Chas. W. Lindley executed the deed to plaintiff, he had already conveyed the land to T. W. Campbell; and, as plaintiff's deed was executed more than 10 years after the record of the deed to Campbell, clearly a certified copy of the latter deed was admissible in evidence under the terms of the act referred to.

[1] By article 4640, Sayles' Civil Statutes 1897, it is provided that certain instruments therein named including deeds conveying lands shall be void as to subsequent purchasers and creditors for valuable consideration, without notice, unless the same be acknowledged and filed for record as required by law; but it is well settled by the decisions of this state that, in order for a subsequent vendee of land to successfully defend against a prior unrecorded deed, the burden is upon him to show that he is a bona fide purchaser of the land, without notice, and for a valuable consideration. Baldwin v. Root, 90 Tex. 546, 40 S. W. 3; Turner v. Cochran, 94 Tex. 480, 61 S. W. 923; Kimball v. Houston Oil Co., 94 S. W. 425, and authorities there cited.

[2] In this case plaintiff introduced no evidence to show that he was an innocent purchaser for valuable consideration, without notice, of the prior deed to Campbell. Hence he signally failed to avoid the effect of the outstanding legal title in favor of Campbell, even though it should be held that the act referred to could be given no further effect than to make the certified copy thereof admissible in evidence, and that when the execution of that deed was thus proven its effect would not be different from that of an unrecorded deed.

Accordingly the judgment of the trial court is reversed, and judgment is here rendered in favor of appellant.