## CHESEVOIR v. DISTRICT OF COLUMBIA.

Court of Appeals of District of Columbia.
Submitted October 1, 1928. Decided
November 5, 1928.

No. 4752.

Bertrand Emerson, of Washington, D. C., for appellant.

W. W. Bride and Stanley DeNeale, both of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The plaintiff in error was tried, convicted, and sentenced in the police court of the District of Columbia, upon an information charging that on the 1st day of June, 1927, on L Street N. W., in the District of Columbia, he "did then and there operate a certain motor vehicle * * * during the period for which his operator's permit to drive a motor vehicle in the District of Columbia had been revoked and suspended by the director of traffic, said operator's permit having been revoked and suspended on the 6th day of June, nineteen hundred and twenty-five, said permit not having been restored. * * * "

At the trial below the prosecution first placed in evidence an order of the director of traffic dated July 12, 1926, revoking the operator's permit theretofore issued to the defendant. Evidence was next introduced to the effect that the order was served upon the defendant prior to the time of the offense charged in the information. The next witness for the prosecution was a policeman, who testified that he had arrested the defendant on June 6, 1927, while the latter was driving an automobile upon the streets of the District. The witness detailed facts tending to show reckless and fugitive driving by defendant at the time of the arrest. He was then asked the following question by counsel for defendant: "Tell the jury what, if anything, occurred, as far as firing a revolver is concerned?" The trial court sustained an objection to this question, and this ruling is assigned as error.

We find no prejudicial error in the ruling, for it was within the discretion of the trial court to limit the cross-examination respecting the circumstances attending the arrest of defendant at the time in question.

This was all of the testimony offered at the trial. The jury returned a verdict of guilty, and the trial court thereupon imposed sentence.

The assignment of error chiefly relied upon by appellant in this court is based upon the charge that, while evidence was introduced at the trial tending to prove that the defendant's permit had been revoked prior to the date of his arrest, there was no testimony introduced tending to prove that the permit had not been lawfully restored to him before that time. Appellant contends that this was a fatal failure of proof in support of the prosecution, and that the conviction should be reversed because of it.

In our opinion this argument is untenable. It is true that the information contains a statement that defendant's permit had not been restored after its revocation and be-

fore the day in question, and it is also true that *no evidence was introduced* tending specifically to prove that averment. But in our opinion this averment in the information was mere surplusage, and the burden of proof respecting it did not rest upon the prosecution.

The crime charged in the information is defined in the act of Congress, known as the Traffic Act for the District of Columbia (Act of March 3, 1925, 43 Stat. pt. 1, p. 1119, amended by Act of July 3, 1926, 44 Stat. pt. 2, p. 812), in force at the times now in question. It reads as follows:

"(d) Any individual found guilty of operating a motor vehicle in the District during the period for which his operator's permit is revoked or suspended or for which his right to operate is suspended under this Act shall, for each such offense, be fined," etc. 43 Stat. 1125.

█ The averments of the information, omitting the surplusage in question, are that the accused, in the District of Columbia, "did then and there operate a certain motor vehicle and during the period for which his operator's permit to drive a motor vehicle in the District of Columbia had been revoked and suspended by the director of traffic." It may be stated in general with reference to statutory misdemeanors, that a charge is sufficient which follows the language of the statute defining and describing the offense. This the present information does, without regard to the superfluous allegation that defendant's permit had not been restored. It was incumbent upon the prosecution to prove that at the time of defendant's arrest his operator's permit was revoked or suspended. In order to sustain this burden, the prosecution introduced proof that defendant's permit was revoked on July 12, 1926. In the absence of other evidence upon the subject, the jury might well conclude that the revocation continued in effect until the time of defendant's arrest. It is true that a new permit might in the meantime have been issued to defendant by the director of traffic, or that the order of revocation might have been reversed by the District commissioners or by this court. But these were matters of defense, and if the defendant intended to rely upon them the burden of proof respecting them rested upon him. It was not necessary for the prosecution to negative all such facts as part of its case in chief. 22 C. J. 80.

We find no error in the record, and the judgment is affirmed, with costs.