## UNITED STATES v. HENDERSON.
### No. 7793.

United States Court of Appeals for the District of Columbia.

April 7, 1941.

Edward M. Curran, U. S. Atty., and Charles B. Murray and Dennis McCarthy, Asst. U. S. Attys., all of Washington, D. C., for appellant.

Earl H. Davis, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellee was prosecuted in the Police Court of the District of Columbia upon an information charging him with negligent homicide.[1] A motion to quash the information was sustained by the lower court. This court granted a writ of error. The issues presented for determination on this appeal are, first, whether the statute satisfies the required constitutional standards; and, sec-

---

[1] D.C.Code (Supp. V, 1939) tit. 6, §§ 246a, 246b, 246c.

ond, whether the information is sufficiently explicit to apprise the accused, with reasonable certainty, of the nature of the accusation.

I. Upon the first point, it is contended that the applicable statute is unconstitutional because of uncertainty, indefiniteness and ambiguity. The statute provides that: "Any person who, by the operation of any vehicle at an immoderate rate of speed or in a careless, reckless, or negligent manner, but not willfully or wantonly, shall cause the death of another, shall be guilty of a misdemeanor, * *." [2] Does this language specify with sufficient certainty the conduct which it is intended to proscribe and punish, and hence come within the requirements of constitutionality?

Both parties rely upon the language of the Supreme Court in Connally v. General Construction Co. [3] as stating the criteria for determining the validity of a penal statute which creates a new offense. In that case the Court said: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. * * * decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them, * * * or a well-settled common-law meaning, notwithstanding an element of degree in the definition as to which estimates might differ, * * * or, as broadly stated by Mr. Chief Justice White in United States v. Cohen Grocery Co., 255 U.S. 81, 92, 'that, for reasons found to result either from the text of the statutes involved or the subjects with which they dealt, a standard of some sort was afforded.' "

In Lanzetta v. New Jersey,[4] the Supreme Court, applying the test of the Connally case, has recently held that a statute which made unlawful, membership in "any gang consisting of two or more persons," was void, because the specification of what constituted a *gang* was too vague and uncertain. On the other hand, the Supreme Court applied the rule of the Connally case in Neblett v. Carpenter,[5] in upholding as not improperly vague, provisions of the Insurance Code of California, which authorized the Commissioner to "mutualize or reinsure the business" of the company "or enter into rehabilitation agreements." These two cases, read together, effectively illustrate the criteria of the Connally case for determining whether words or phrases employed in a statute have technical or other special meaning well enough known to enable those within their reach correctly to apply them. *Gang* is not such a word; *mutualize* or *reinsure* the *business,* and *enter* into *rehabilitation agreements,* are phrases well known to the law and to business practice.

The mere fact that the specified standard of liability may be one of varying degree does not make a criminal law unconstitutional. Many of the most familiar terms of the law are of this character.[6] Practically all the common-law definitions of crime contain such words and

---

[2] D.C.Code (Supp. V, 1939) tit. 6, § 246a.

[3] 269 U.S. 385, 391–392, 46 S.Ct. 126, 127, 70 L.Ed. 322.

[4] 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. In this case the Court also held that if the statute is defective because its terms are violative of constitutional requirements of due process, it cannot be corrected by an information which specifies details of the offense intended to be charged, for it is the statute and not the accusation that prescribes the rule which governs conduct.

[5] 305 U.S. 297, 303, 59 S.Ct. 170, 83 L.Ed. 182.

[6] Negligence: Cf. Cline v. Frink Dairy Co., 274 U.S. 445, 464, 47 S.Ct. 681, 687, 71 L.Ed. 1146: " * * * on an issue like negligence—i. e., a rule of conduct for the average man in the avoidance of injury to his neighbors—every one may be held to observe it either on the civil or criminal side of the court"; Danzansky v. Zimbolist, 70 App.D.C. 234, 237, 105 F.2d 457, 460; Green, The Negligence Issue, 37 Yale L.J. 1029; Edgerton, Negligence, Inadvertence, and Indifference; The Relation of Mental States to Negligence, 39 Harv.L.Rev. 849, 852. Proximate Cause: S. S. Kresge Co. v. Kenney, 66 App.D.C. 274, 275, 86 F.2d

phrases;[7] as, for example, malice afore-thought, deliberation and premeditation, consent, specific intent, breaking and entering, taking and carrying away, from the person or in the presence, and false testimony material to the issue.

As the Supreme Court said in Nash v. United States:[8] "* * * the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree."

The words and phrases used in the presently applicable statute, i. e., *immoderate* rate of speed, *careless, reckless, negligent, manner, willfully, wantonly,* and *cause,* are all well known, both in common speech and in the terminology of the law.[9] They have been used in other jurisdictions to define similar offenses and have been approved by the courts as appropriate and sufficient for that purpose.[10] We conclude, therefore, that they are sufficient to bring the statute within the requirements of con-

---

651, 652; Beale, The Proximate Consequences of an Act, 33 Harv.L.Rev. 633; Morgan, Book Review, 41 Harv.L.Rev. 939; Carpenter, Proximate Cause, 14 So. Calif.L.Rev. 1, 115. Reasonable Man: 2 Restatement, Torts, 1934, § 283. See, e. g., Hoard v. State, 80 Ark. 87, 90–91, 95 S.W. 1002, 1003.

[7] Malice Aforethought: Perkins, A Re-Examination of Malice Aforethought, 43 Yale L.J. 537. See, e. g., Turner v. Commonwealth, 167 Ky. 365, 180 S.W. 768, L.R.A.1918A, 329. Deliberation and Premeditation: See, e. g., Bostic v. United States, 68 App.D.C. 167, 169–170, 94 F. 2d 636, 638–639, certiorari denied, 303 U.S. 635, 58 S.Ct. 523, 82 L.Ed. 1095. Consent: Beale, Consent in the Criminal Law, 8 Harv.L.Rev. 317; Puttkammer, Consent in Criminal Assault, 19 Ill.L. Rev. 617. Specific Intent: See, e. g., Simpson v. State, 81 Fla. 292, 87 So. 920. Breaking and Entering: 4 Bl.Comm., Cooley's 4th Ed.1899, *226, *227. Taking and Carrying Away: See, e. g., State v. Rozeboom, 145 Iowa 620, 627–629, 124 N.W. 783, 785–786; note, 29 L.R.A.,N. S., 38. From the Person or in the Presence: See, e. g., O'Donnell v. People, 224 Ill. 218, 226–227, 79 N.E. 639, 642, 8 Ann.Cas. 123. False Testimony Material to the Issue: See, e. g., People v. Ah Sing, 95 Cal. 657, 30 P. 797. Cf. Code of Crim.Proc. (Amer. Law Inst. 1931) § 171: "Meaning of words and phrases. The words and phrases used in an indictment, information or bill of particulars are to be construed according to their usual acceptation, except that words and phrases which have been defined by law or which have acquired a legal signification are to be construed according to their legal signification."

[8] 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232. In International Harvester Co. v. Kentucky, 234 U.S. 216, 223, 34 S.Ct. 853, 855, 58 L.Ed. 1284, the Court held unconstitutional a statute which made any combination for the purpose of controlling prices unlawful if done to fix a price that was greater or less than the "real value" of the article. However, the Court recognized "that, as with negligence, between the two extremes of the obviously illegal and the plainly lawful there is a gradual approach, and that the complexity of life makes it impossible to draw a line in advance without an artificial simplification that would be unjust. * * * a great body of precedents on the civil side, coupled with familiar practice, make it comparatively easy for common sense to keep to what is safe." Cf. Gorin v. United States, 61 S.Ct. 429, 85 L.Ed. ——, decided January 13, 1941.

[9] Immoderate: People v. McMurchy, 249 Mich. 147, 155, 228 N.W. 723, 726; Palmer v. Merchants' & Miners' Transp. Co., D.C.Mass., 154 F. 683, 689. Careless: Delmore v. Kansas City Hardwood Flooring Co., 90 Kan. 29, 133 P. 151, 47 L.R.A.,N.S., 122; Murphy v. Ossola, 124 Conn. 366, 370, 199 A. 648, 650. Reckless: Colts v. District of Columbia, 59 App.D.C. 224, 38 F.2d 535, affirmed 282 U.S. 63, 51 S.Ct. 52, 75 L. Ed. 177; State v. Andrews, 108 Conn. 209, 213, 142 A. 840, 841. Negligent: Warner v. Baltimore & Ohio R. R., 168 U.S. 339, 348, 18 S.Ct. 68, 42 L.Ed. 491; Charnock v. Texas & Pacific Ry., 194 U. S. 432, 437, 24 S.Ct. 671, 48 L.Ed. 1057; Cline v. Frink Dairy Co., 274 U.S. 445, 464, 47 S.Ct. 681, 71 L.Ed. 1146. Manner: Bledsoe v. Haney, 57 Tex.Civ.App. 285, 289, 122 S.W. 455, 457; Williams v. Pomona Valley Hosp. Ass'n, 21 Cal. App. 359, 361, 131 P. 888, 889. Willfully and Wantonly: Townsend v. United States, 68 App.D.C. 223, 228–229, 95 F.2d 352, 357, 358, certiorari denied, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121; State v. Rossman, 64 S.D. 532, 535, 536, 268 N.W. 702, 703, 704; McNeil v. Munson S. S. Lines, 184 Ala. 420, 422, 63 So. 992, 993. Cause: Huffman v. United States, 8 Cir., 259 F. 35, 38.

[10] Cf.: People v. Maki, 245 Mich. 455, 458, 223 N.W. 70, 71; People v. McMurchy, 249 Mich. 147, 228 N.W. 723. Cf. also: Miller v. Oregon, 273 U.S. 657, 47 S.Ct. 344, 71 L.Ed. 825 (see discus-

stitutionality, hence that the first question must be answered in the affirmative.

■■ II. The general rule is that if the language of a statute, without more, is sufficient to apprise the accused, with reasonable certainty, of the nature of the accusation against him, an information or indictment drawn in that language will be sufficient.[11] Otherwise, additional allegations must appear therein.[12]

The purpose of this requirement is to insure both that the accused will be able properly to prepare and make his defense and that, thereafter, he will be able to plead the judgment in the case as a bar to a subsequent prosecution for the same offense.[13] Its purpose is, also, to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction, and that the offense may judicially appear to the court when it pronounces judgment.[14]

■ The information in the present case is sufficient to satisfy all requirements of the law. It was framed around the language of the statute and charged: " * * * on the oath of one William J. Liverman, that one Rufus R. Henderson, late of the District aforesaid, on the 13th day of June, in the year of our Lord one thousand nine hundred and forty, with force and arms, at the District aforesaid, and within the juris-

diction of this Court, did then and there unlawfully *operate* a certain motor *vehicle,* to wit: a motorcycle, *at an immoderate rate of speed* and *in* such a *careless, reckless,* and *negligent manner* as to *cause,* and did cause, *the death* of one John Stahl, against the form of the statute in such case made and provided, and against the peace and Government of the United States of America." (Italics supplied.)

It will be seen that there is much more in this information than merely the language of the statute. In it is to be found, also, the name of the complaining witness, the name of the accused, the name of the person who was killed, the date upon which the offense was committed, the venue of the offense,[15] the means by which it was committed, i. e., a motorcycle. It will be noted, also, that the draftsman of the information avoided using the indirect language of the statute —*by the operation of any vehicle*—and alleged directly that the accused *operated* a certain vehicle in such a manner as to cause, *and did cause,* the death.

■ It is true that the information in the present case does not allege that the accused "did strike, hit, and beat [sic] him, * * * [the deceased], with the said automobile, * * *" as was alleged in the indictment in Story v. United States.[16] Neither does it allege the "defendant's 'estate, degree, or mystery, and of the towns,

---

sion in Cline v. Frink Dairy Co., 274 U.S. 445, 464, 465, 47 S.Ct. 681, 687, 71 L. Ed. 1146: " * * * at a rate of speed that will endanger the property of another, or the life and limb of any person"); Mulkern v. State, 176 Wis. 490, 187 N. W. 190 ("recklessly" or "greater than is reasonable and proper"); State v. Schaeffer, 96 Ohio St. 215, 117 N.E. 220, 221, L.R.A.1918B, 945, Ann.Cas.1918E, 1137 ("at a speed greater than is reasonable or proper"); State v. Andrews, 108 Conn. 209, 142 A. 840 ("recklessly" or "so as to endanger the property or life or limb of any person"); Usary v. State, 172 Tenn. 305, 112 S.W.2d 7, 114 A.L.R. 1401 ("carelessly and heedlessly and in wanton disregard of the rights and safety of others"); People v. Gardner, 255 App. Div. 683, 8 N.Y.S.2d 917 ("in a 'reckless or culpably negligent' manner"); Note, 26 A.L.R. 897.

11 United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed. 819; Potter v. United States, 155 U.S. 438, 444, 15 S.Ct. 144, 39 L.Ed. 214; Ledbetter v. United States, 170 U.S. 606, 609–612, 18 S.Ct. 774, 42 L.Ed. 1162; Chesevoir v. District

of Columbia, 58 App.D.C. 268, 29 F.2d 798; Capone v. United States, 7 Cir., 56 F.2d 927, certiorari denied, 286 U.S. 553, 52 S.Ct. 503, 76 L.Ed. 1288. Cf. Code of Crim.Proc. (Amer. Law Inst. 1931) § 154.

12 Armour Packing Co. v. United States, 209 U.S. 56, 83, 28 S.Ct. 428, 52 L.Ed. 681; Mulloney v. United States, 1 Cir., 79 F.2d 566, 581, certiorari denied, 296 U.S. 658, 56 S.Ct. 383, 80 L.Ed. 468.

13 Beard v. United States, 65 App.D.C. 231, 234, 82 F.2d 837, 840, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L. Ed. 1382; United States v. American Medical Ass'n, 72 App.D.C. 12, 24, 110 F.2d 703, 715, certiorari denied, 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411.

14 Ainsworth v. United States, 1 App. D.C. 518, 523, 524.

15 See Lanckton v. United States, 18 App.D.C. 348, 359, 360; Beard v. United States, 65 App.D.C. 231, 234, 82 F. 2d 837, 840, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

16 57 App.D.C. 3, 4, 5, 16 F.2d 342, 343, 344, 53 A.L.R. 246, certiorari denied, 274 U.S. 739, 47 S.Ct. 576, 71 L.Ed. 1318.

or hamlets, or places and counties' of which he was conversant";[17] nor that the accused was of sound mind and discretion;[18] nor that the act was done "in the fury of his mind";[19] nor many other things which once were found in common-law forms of indictments.[20] While such prolix, laborious and redundant allegations, well known to an earlier day, would not vitiate an indictment,[21] they are no longer required in criminal pleadings.[22] They "would not only be repugnant to our theories of the administration of the law, but would be utterly use-less—mere forms—serving no legal purpose whatsoever."[23] There can be no doubt that the accused and the court were sufficiently informed, by the accusation filed in the present case, to satisfy all the purposes of the rule previously stated. The law requires no more.

The judgment is, therefore, reversed and the cause remanded, with instructions to the lower court to proceed in conformity with this opinion.

Reversed.

---

This court held that: "Under these allegations, each was a principal. If the owner of a dangerous instrumentality like an automobile knowingly puts that instrumentality in the immediate control of a careless and reckless driver, sits by his side, and permits him without protest *so recklessly and negligently to operate the car as to cause the death of another*, he is as much responsible as the man at the wheel." (Italics supplied.)

[17] Lanckton v. United States, 18 App. D.C. 348, 358.

[18] See Hill v. United States, 22 App.D.C. 395, 402.

[19] United States v. Frye, C.C.D.C., 25 Fed.Cas. page 1222, No. 15,173.

[20] See Burge v. United States, 26 App. D.C. 524, 527, 528.

[21] Davis v. United States, 16 App.D.C. 442, 449.

[22] R.S. § 1025, 18 U.S.C.A. § 556, provides that an imperfection in the form of a pleading shall not affect the validity of any proceedings unless said defect shall "tend to the prejudice of the defendant." This section was enacted to prevent "miscarriage of justice through the application of technical rules in relation to matters of form in indictments, and it is now universally held that the sufficiency of a criminal pleading is to be determined by practical, rather than technical, consider-ations." United States v. American Medical Assn., 72 App.D.C. 12, 24, 110 F.2d 703, 715, certiorari denied, 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411. Cf. Hagner v. United States, 285 U.S. 427, 431, 432, 52 S.Ct. 417, 76 L.Ed. 861. See Code of Crim. Proc. (Amer. Law Inst. 1931) § 154, and Commentary at pp. 538 et seq.; Willard, The Seventeenth Century Indictment in the Light of Modern Conditions, 24 Harv.L.Rev. 290; Perkins, Absurdities in Criminal Procedure, 11 Iowa L.Rev. 297; Notes 37 Mich.L.Rev. 1325, 53 Harv.L.Rev. 122.

[23] Lanckton v. United States, 18 App. D.C. 348, 359. Cf. Davis v. United States, 16 App.D.C. 442, 449. Objection was made "that the indictment fails to set forth the particular means or instrument used in the attempt to perpetrate the crime of killing the party assaulted. This objection, we think, is equally untenable as the first. The statutory description of the offense is 'assault with intent to kill.' The statute does not require or designate any particular means to be used, in order to constitute the offense. The assault and intent to kill must concur; but it is not required that in the indictment it shall be alleged and set forth with what means or instrument the killing was attempted to be perpetrated—whether with gun, pistol, sword, knife or club."