**SOUTH TEXAS DEVELOPMENT CO. et al. v. HIGGINS et al.**

No. 10454.

Court of Civil Appeals of Texas. Galveston.

Oct. 21, 1937.

Rehearing Denied Dec. 16, 1937.

998

A. R. Rucks, of Angleton, and Gail Whitcomb and E. R. Campbell, both of Houston, for appellants.

John B. Warren, of Houston, for appellees.

CODY, Justice.

This is the second appeal of this cause with the same subject-matter, between the same parties, and essentially upon the same pleadings; the first appeal having been determined by the Supreme Court of Texas on February 4 of 1931, as reported in 35 S.W.2d 98, 99. The determinative part of that court's opinion therein was this: "The foreclosure judgment of July 10, 1897, against Pompey, Joseph, Hannah, and Eliza, was a valid judgment; and the foreclosure sale thereunder, on September 7, 1897, operated to divest them of all their rights in the land and vest same in Masterson. However, there is testimony to show that Joseph, Hannah, and Eliza, remained in peaceable possession and use of specific parts of the land, under claim of exclusive ownership, until this suit was commenced more than ten years afterwards. This possession became adverse to Masterson the moment he acquired title under the foreclosure sale of September 7, 1897. Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596, 787."

Pursuant to that holding, the court reversed and remanded the cause to the trial court for another trial upon the fact issue so held to have been raised by the evidence over whether or not Joseph, Hannah, and Eliza had had ten years' adverse possession of the specific parts of the land so claimed by them.

In the circumstances then and now obtaining, as recited supra, that opinion became the law of this case; thereafter, and in appropriate conformity to such direction from the Supreme Court, the learned trial court again submitted the several claims of those named litigants to a jury under what this court deems to have been proper issues of fact for that purpose; after an extended trial on the evidence relating to that issue, the jury rendered its verdict finding that such use and possession by each of them had been continuously held for the ten-year period, whereupon judgment went in their favor; from that final result below the present appeal comes.

After careful consideration of the record, inclusive of the statement of facts, this court is unable to say, either that any reversible procedural errors were committed by the court below, or that the jury's verdict lacked support in the evidence; wherefore, the judgment will be affirmed.

Affirmed.