DEVEREAUX et al. v. DAUBE.

No. 14661.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 5, 1945.

Rehearing Denied Feb. 2, 1945.

Donald & Donald, of Bowie, for appellants.

Benson & Benson, of Bowie, for appellee.

BROWN, Justice.

The briefs and the record before us disclose that this is a peculiar case in several respects.

We gather from the briefs and record that appellee, Sam Daube, became the purchaser of the lands in controversy in the year 1936 through a court sale made under judgment and order of the District Court of Montague County in a suit brought by the State of Texas to recover judgment for delinquent taxes on the lands and a foreclosure of the tax lien. In the summer of 1940, Sam Daube brought suit in the said District Court complaining of A. Devereaux and wife, and each and all of their unknown heirs, against Will A. Miller, Jr., and his wife, and each and all of their unknown heirs, and against William D. Redd and each and all of the unknown heirs of said Redd, and against each and all of the unknown heirs of R. L. Miller, deceased, the residences of each being alleged to be unknown to the plaintiff; and the petition also complained of Frank Devereaux, a resident of Cherokee County, Texas, and of Stuart Miller, a non compos mentis, who resides in Wichita County, Texas; and the plaintiff alleged that all such defendants were claiming some right, title or interest in the lands in question, the exact nature of which the plaintiff did not know.

Plaintiff alleged ownership of the fee simple title in himself; that the claims of the defendants cast a cloud upon his title; and he also alleged that he had enjoyed peaceable and adverse possession under title and color of title, paying the taxes, using and cultivating the property for more than three years, as against the claims asserted by the defendants; and he prayed for judgment against the defendants.

Citation by publication was issued and service had as to the defendants whose residences were alleged to be unknown to the plaintiff, by such process.

Personal service was had on Frank Devereaux and the non compos mentis Stuart Miller.

On October 12, 1940, Frank Devereaux, Ira Stepp, J. D. Stepp, William Stepp, Edith Northrop, and her husband Murray Northrop, alleging that they were all of the surviving heirs of A. Devereaux and wife, deceased, filed an answer through G. L. Robertson, an attorney of Fort Worth, Texas; and on October 15th said attorney filed an answer for Lela Bell Taylor and husband, Dick Taylor, alleging that Mrs. Taylor is a surviving heir of A. Devereaux and wife.

On November 22, 1940, Frank Devereaux, Ira Stepp, J. D. Stepp, William Stepp, Edith and Murray Northrop, Albert Devereaux, Charlie Devereaux, Lela Bell and Dick Taylor, by and through said attorney, filed a motion requesting a postponement of the trial for the asserted reason that the defendants were not aware of the existence of the suit until Friday before appearance day, at which time one of the defendants learned of the situation and contacted said attorney and requested him to file an answer for the defendants for the purpose of preventing judgment being taken by default; and that after contacting the other defendants, it was discovered that some of them were desirous of employing their regular attorney to assist in the trial of the case.

No order appears in the record disclosing what disposition, if any, was made of this motion for a continuance, but we here observe that under the then existing statute, the terms of the District Court of Montague County were fixed as follows: "On the first Monday in January and may continue six weeks; on the thirteenth Monday after the first Monday in January and may continue six weeks; on the twenty-fifth Monday after the first Monday in January and may continue six weeks; and on the forty-first Monday after the first Monday in January and may continue six weeks."

The citation by publication was returnable to the term of court that was to convene on the second Monday in October, 1940, same being October 14th, and the personal service had upon Stuart Miller requires an answer at the same term.

We call attention to these matters and facts because the case was not tried until the term that began the first Monday in January, 1941.

It thus appears that whether or not any affirmative action was taken on the motion for a continuance, all parties defendant obtained the advantage of a continuance until the following term of court, convened on the first Monday in January, 1941, at which time the cause came up for trial.

On January 21, 1941, the said attorney Robertson filed a petition in his own right, asserting that he had theretofore filed an answer for Charles Devereaux of Rome, Georgia, and for Lela Bell Taylor and Dick Taylor of Paris, Texas, and that when he filed such pleading he did so in

good faith believing that he was authorized to do so, but that it now appears that the filing of such answer for the said three named persons was unauthorized, and this is his prayer: "Wherefore, premises considered, your petitioner prays the court that he be permitted to withdraw as counsel for the said Charles Devereaux, Lela Bell Taylor and Dick Taylor, and upon their substituting counsel that he be permitted to withdraw the pleadings filed by your petitioner on their behalf."

■ No action appears to have been taken on such petition, and the answer remained in the file of court papers. Let us observe here that no effort has been made by any party to question the integrity of the above named attorney, and this court is of the opinion that we may take judicial notice of the fact that said attorney is a member of the bar residing in this Supreme Judicial District and that his character is above reproach.

On January 31, 1941, the day on which the judgment was rendered in favor of Sam Daube, Attorney Robertson filed a pleading for Albert Devereaux, M. S. Northrop, Edith Northrop, J. D. Stepp, Wm. Edwin Stepp, Frank Devereaux and Ira Stepp in which it is alleged that the plaintiff, Daube, had brought suit to clear his title to the lands in controversy, and that Daube relies upon a deed from the Sheriff of Montague County to him, recorded in Book 188 at page 544, bearing date October 6, 1936; that such deed is supported by an order of sale issued out of the District Court of Montague County in cause No. 8859 which was a suit for taxes brought by the State of Texas against Frank Devereaux, the unknown heirs of Mrs. A. Devereaux, the unknown heirs of A. Devereaux, the unknown heirs of Will Miller, Jr., and Stuart Miller; that the parties filing the pleading presented were cited by publication and judgment was rendered on such service; that the defendants assert that the judgment was rendered wrongfully because due diligence was not exercised by Daube to ascertain who are the heirs of Mr. and Mrs. A. Devereaux and their places of residence, and that had they been advised of the existence of the tax suit, they would have presented themselves at the bar of the court and would have defended their rights; that in order to assert their rights in and to the property in question and in order to present their objections to the judgment rendered in the tax suit and their grounds for setting same aside, it has become necessary to file a separate suit against Daube, and petitioners' rights cannot be determined in this suit brought by Daube, but the legality of the judgment in the tax suit, the order of sale, the sale and deed must first be determined in a suit brought by petitioners directly attacking the judgment and proceedings in the tax suit; and the petitioners prayed that the pending suit against them be abated until the final determination of the issues in their suit against Daube.

Subject to the plea in abatement they answered generally, denying the allegations of Daube's petition. This pleading was filed, as we have stated, on the day that the cause was tried and judgment rendered in the case before us.

To this pleading Daube made answer asserting that his suit was filed on July 1, 1940, and service of process was had requiring all defendants to answer at the term of court which convened on October 14, 1940, and the petitioners all filed their answers by and through their attorney; that the cause was set for trial on November 4, 1940, a day agreeable to the counsel for said defendants, but said attorney filed a motion for a continuance and the cause was, by reason of such motion, continued and that during all of the intervening time no attempt was made by the defendants to file any such suit covering the said matters, and only after Daube had the instant suit set for trial for January 24, 1941, and insisted upon a hearing did the petitioners cause any such suit to be filed.

Daube further alleged that the petitioners' pleadings showed no cause of action or right of defense in connection with the tax suit and the judgment therein; and that the attempt on the part of the attorney for Charles Devereaux, Lela Bell Taylor and Dick Taylor to withdraw the pleadings filed by him for such defendants should be denied because the answer was filed at the appearance term for such defendants by an attorney, apparently having authority to represent them, and that since it was thus filed the defendants have not secured any other attorney to represent them, and if such answer had not been filed Daube would have taken an interlocutory judgment against such parties. The trial court made an order overruling the plea in abatement.

On the same day, January 31, 1941, Albert Devereaux, M. S. Northrop, J. D.

Stepp, Wm. Edwin Stepp, Frank Devereaux and Ira Stepp filed a motion requesting the trial court to permit them to withdraw their former answer and to file as a substitute the attached pleading. This motion had for its purpose the withdrawal of the original answer so that the movants could, in due order of pleading, file a plea in abatement, the substance of which is similar to the plea in abatement presented and theretofore overruled.

This last motion was overruled, and on the same day such defendants filed a motion requesting the trial court to consolidate the cause filed by Daube against them with the cause then filed by them against Daube, and the trial court overruled such motion.

The suit brought by Daube then proceeded to trial.

Joe H. Cleveland, an attorney of Montague County filed an answer for the non compos mentis, Stuart Miller; the pleading recites that Cleveland had been appointed attorney and guardian ad litem for such defendant.

The trial court made an order appointing said attorney to defend the pending suit "on behalf of all defendants cited by publication who have not filed an answer herein." The court rendered judgment for Daube, and this judgment recites that defendants Frank Devereaux, Ira Stepp, J. D. Stepp, William Stepp, Edith Northrop and husband Murray Northrop, Albert Devereaux and Charlie Devereaux, "who are all of the surviving heirs of A. Devereaux and wife Elizabeth Devereaux, both deceased," had previously answered by and through their attorney who appeared and announced ready for trial; that the non compos mentis, Stuart Miller, appeared by answer through his attorney and guardian ad litem, appointed by the court, "and that the defendants Will A. Miller, Jr. and Mrs. Will A. Miller, Jr., and each and all of their unknown heirs, William D. Redd and each and all of his unknown heirs and each and all of the unknown heirs of R. L. Miller, deceased, having been cited by publication and having appeared herein by answer of their attorney, Joe Cleveland, heretofore appointed by this court to represent said defendants, all announced ready for trial herein, and a jury being waived, the matters of fact as well as of law being submitted to the court, the court finds that the plaintiff should recover herein."

The judgment recites "that defendants Albert Devereaux, N. S. Northrop, Edith Northrop, J. D. Stepp, William Edwin Stepp, Frank Devereaux and Ira Stepp, in open court except and give notice of appeal," etc. On January 30, 1943, the last day on which such a pleading could be filed under Rule 329, Texas Rules of Civil Procedure, which follows former Article 2236, superseded by such Rule, certain parties filed their pleading which will be detailed below. This Rule provides for a motion for a new trial "in cases in which judgment has been rendered on service of process by publication, where the defendant has not appeared in person or by attorney of his own selection." The rule requires that the petition show "good cause, supported by affidavit."

The petitioners in this pleading are: Albert Devereaux, M. S. Northrop, and wife Edith Northrop, J. D. Stepp, Wm. Edwin Stepp, Ira Stepp, Frank Devereaux, Mrs. Virginia Hogue and husband W. C. Hogue, Mrs. Emma Cureton and husband, Arnold Cureton, Mildred M. Shappell and husband, Dale Shappell, Mrs. Charlotte Lybrand and husband, J. M. Lybrand, LeRoy Miller and Stuart Miller, by his next friend, LeRoy Miller, Mrs. Alma Y. Miller Ferguson and husband, W. P. Ferguson, Charley Devereaux, Lela Bell Taylor and husband, Dick Taylor.

They allege that Albert and Frank Devereaux, Edith Northrop, J. D. Stepp, Wm. Edwin Stepp, together with Ira Stepp, the surviving husband of Antoinette Devereaux Stepp, are all of the surviving heirs of Mr. and Mrs. A. Devereaux, deceased; that Antoinette Stepp was a daughter of Mr. and Mrs. A. Devereaux, and she is survived by Edith Stepp Northrop, J. D. Stepp, William Edwin Stepp and her husband, Ira Stepp; that Charley Devereaux and Lela Bell Taylor "are also heirs at law of Mr. and Mrs. A. Devereaux." That Mrs. Alma Y. Ferguson was formerly the wife of R. L. Miller, deceased, and as such, together with Virginia Hogue, Mrs. Emma E. Cureton and Mrs. Mildred Miller Shappell, constitute the heirs at law of R. L. Miller, deceased; that Mrs. Charlotte Lybrand and LeRoy Miller constitute all of the surviving heirs of Will A. Miller, Jr., deceased; that Stuart Miller is now and has been for many years confined to the hospital for the insane at Wichita Falls, Texas, and the motion is

brought in his behalf by LeRoy Miller, as next friend.

This motion recites that the suit brought by Daube named as defendants Mr. and Mrs. A. Devereaux, and each and all of their unknown heirs, Mr. and Mrs. Will A. Miller, Jr., and each and all of their unknown heirs, William D. Redd, and each and all of the unknown heirs of William D. Redd, and each and all of the unknown heirs of R. L. Miller, deceased, all of whom were cited by publication, and named also Frank Devereaux and Stuart Miller who were served with process personally.

That judgment was rendered for Daube and this motion is brought attacking such judgment and the rights of Daube to the lands in question.

The pleading names Leon Daube, son of Sam Daube, as a defendant, because it is alleged that Sam Daube had executed some deed of partition but that Leon Daube is not an innocent purchaser. They pray that the judgment rendered for Sam Daube be set aside and held for naught for the following reasons:

(1) That Daube knew, or should have known by the use of reasonable diligence, the names of all of the heirs at law of Mr. and Mrs. A. Devereaux, who were formerly citizens of Wise County, Texas; that instead of bringing the suit against the named heirs, Daube brought suit only against Frank Devereaux and obtained personal service upon him and Daube attempted to take the title to the lands owned by the other named Devereaux heirs by and through the aforesaid citation by publication.

They allege that notwithstanding the fact that personal service was had on Frank Devereaux, the judgment is of no force and effect because "instead of this case being called in regular order at Montague, Texas, the site of the court, as fixed by law, the hearing in said cause, if any, was held in the office of Benson & Benson, attorneys for the plaintiff, at Bowie, Montague County, Texas, and the case was not called at any time as the law provides for trial at Montague, Texas, and in view of such fact, the judgment is of no force and effect, and altogether void, and is not binding on any defendant, whether cited by publication or otherwise." (Let us observe here that we gather from the brief that these movants are of opinion that no other allegation is necessary to support their motion for a new trial than those

made in the first paragraph, the substance of which we have given.)

(2) The next paragraph attacks the affidavit in support of the citation by publication, because it was made by plaintiff's attorney, W. E. Benson, before Elizabeth Bellah, a notary public, but who is an attorney officing and associated with the firm of Benson & Benson, "and by reason of such interest in said cause of action would be unauthorized to take the affidavit"; furthermore, it is alleged that the affidavit was made prior to the filing of the suit, and was not such an affidavit as to warrant the action of the District Clerk in assuming that diligence was exercised on the part of the plaintiff to ascertain the names of the defendants and their residences, and the citation is without force and effect, and confers upon the District Court no jurisdiction of the persons attempted to be cited thereby.

(3) That the answer of Joe H. Cleveland, as a guardian ad litem, is wholly without force and effect and does not show a representation on the part of any defendant cited by publication because there is no order of record appointing him Guardian for any specific person, but only recited all those cited by publication who have not answered, if any, and therefore his answer in behalf of the petitioners is not binding and he is not the attorney of their choice, and that the appearance in their behalf by such attorney lends no dignity or verity to the proceedings, and his further act in appearing in their behalf in Bowie, Texas, a place other than the site of the court in Montague, Texas, "is a fraud upon their rights and renders the entire proceeding null and void."

(4) That the affidavit for citation by publication made by W. E. Benson is insufficient and not in keeping with Article 2039, R.C.S., in that said Benson states that the names and residences of the unknown heirs of the defendants are unknown to the plaintiff when the statute requires that the affidavit set forth that they are unknown to the affiant; therefore the affidavit is null and void and could not support the citation by publication and gave the trial court no jurisdiction over the parties defendant.

The next paragraph of the motion asserts that an undivided one-half (½) interest in the lands in controversy was owned by R. L. Miller, a practicing physician of the city of Wichita Falls, a citi-

zen well known and of much renown and reputation and that when the property was owned by him he was married to Alma Y. Miller, and three children were born to such union: Virginia Miller, now Mrs. Virginia Hogue, Emma E. Miller, now Mrs. Emma E. Cureton, and Mildred M. Miller, now Mildred Miller Shappell, and as such heirs they were the owners of an interest in the lands at the time Daube brought suit; that Mr. and Mrs. A. Devereaux were the owners of an undivided one-half (½) interest in the premises during their lifetime, and at the time of their death, Albert Devereaux, Frank Devereaux, William Edwin Stepp, Edith Northrop and Ira Stepp, being the legal heirs of Mr. and Mrs. A. Devereaux, were the owners of such interest and were such owners when Daube brought his suit.

That after the death of R. L. Miller, his surviving wife, Alma Y. Miller, without any right or authority in law to do so, made and executed some kind of instrument wherein she attempted to convey an undivided one-half (½) in and to the premises unto Will A. Miller, Jr., and Stuart Miller; that Will A. Miller, Jr., is now dead and he is survived solely by LeRoy Miller and Mrs. Charlotte Lybrand, and that by reason of their heirship they are entitled to that interest, if any, that the said Will A. Miller, Jr., could claim under the said deed; that Stuart Miller is more than 21 years old, is a non compos mentis, and LeRoy Miller as next friend maintains this suit for such interest as Stuart Miller has or might claim under such deed.

The next paragraph asserts that the movants are entitled to and own the fee simple title to all the lands, because Sam Daube has no right or title to same in that the deed under which he claimed was of no force and effect and would not support any claim or title, and is not admissible in evidence to support any such claim, in that the officer purporting to execute such deed was without right and authority to do so, in that his only right of sale was by virtue of a purported judgment of foreclosure obtained in cause No. 8859 theretofore instituted in the District Court of Montague County, and by virtue of the facts as alleged such deed could convey no right or title and is void and constitutes no basis in law upon which Daube can predicate a right or base any claim of limitation, such as was asserted under the three year statute of limitations; and further because

the District Court never acquired jurisdiction of the parties defendant to such suit and the deed is lacking in intrinsic fairness and is not supported by any legal judgment; same having been rendered on August 8, 1936, in cause No. 8859, recorded in Volume N at page 554, styled "'The State of Texas vs. Frank Devereaux, et al."; and movants assert that as a matter of law such judgment is void and the court acquired no jurisdiction of the matters to enter such judgment, and all proceedings incident thereto, as well as the order of sale and the purported sale thereunder are of no force and effect, because: (1) There is no record in the District Clerk's office showing where such suit was ever filed or docketed as required by law; (2) there is no affidavit sworn to by anyone found among the papers of such cause stating that the residence of the defendants is unknown and praying for a citation by publication and therefore no citation could lawfully issue; (3) there does appear among the papers of said cause an unnumbered, unfiled original petition for foreclosure of a tax lien in a cause styled on the jacket of said petition: "State of Texas v. Mrs. A. Devereaux, et al;" (4) there is filed apparently on May 26, 1936, an amended petition bearing file No. 8859, styled "State of Texas vs. Frank Devereaux, et al.," and endorsed "Amended Petition for Foreclosure of Tax Lien"; (5) the only affidavit appearing among the papers of this cause is one attached to said Amended Petition which reads as follows: "State of Texas, County of Montague. Before me, the undersigned authority in and for said county and state on this day personally appeared M. A. Bryan, known to me and being by me duly sworn, on oath says that he is attorney bringing this suit and that the statements contained in the foregoing Petition are true to the best of the knowledge and belief of the affiant." Sworn before the District Clerk of Montague County.

The movants aver that such affidavit, if it purports to be an affidavit for citation by publication, is altogether insufficient in law to form a basis justifying the issuance of a citation by publication upon any of the defendants; that it is made solely on information and belief and not in keeping with the statute, and they further aver that when the said Bryan made such affidavit he was not the duly acting Assistant County Attorney of Montague County and was not

the duly qualified attorney for the State of Texas.

The next paragraph attacks the Statement of Facts as not being complete; that it bears no file number and no file date.

The next paragraph attacks the answer filed by Marvin F. London, who does not show by any paper to have been appointed attorney or guardian ad litem of anyone, and who purported to answer for the defendant Stuart Miller and the unknown heirs of A. Devereaux, Mrs. A. Devereaux and Will Miller, Jr.; that there is no order in the record appointing London as such representative until August 8, 1936, the day the judgment was rendered. That it shows upon its face that Attorney London did not have sufficient information on which he could answer for the defendants and is not an answer by attorneys of their choice.

The next paragraph asserts that the amended petition refers to an original petition filed on March ——, 1936, and no date is thus given of the filing of an original petition, and they assert that no original petition was at that time on file.

The next paragraph asserts that the only affidavit of any kind on file in this cause (evidently meaning the tax suit) and found among the papers is one by A. W. Cline, publisher of The Bowie Blade, which purports to carry a printed copy of a citation by publication and which bears no file mark whatsoever showing it to have been filed in the office of the District Clerk.

The next paragraph attacks the citation by publication asserting that it is not in conformity with the provisions of Article 7342, R.C.S., and is not directed "to all persons owning or having or claiming any interest in the following land delinquent to the State of Texas and County of ——— for taxes, to-wit: And since said citation is so defective and is addressed to the Sheriff or any Constable and does not describe the land, it is void."

The next paragraph asserts that the service attempted to be effected in order to foreclose a lien is not in keeping with the provisions of Art. 7342, R.C.S., and therefore no jurisdiction of the parties was acquired authorizing any action by the court.

The next paragraph avers that the price at which the land was sold was so inadequate as to shock the conscience of any bona fide purchaser and was in law a fraud upon the defendants, and that to refuse to set the judgment aside is tantamount to divesting property rights without due process of law.

The next paragraph attacks the Statement of Facts as insufficient to show that the provisions of Article 7342 were complied with.

The next paragraph asserts that the records of Montague County disclosed that "R. L. Miller and/or Alma Y. Miller and/or Stuart Miller, and/or Will A. Miller, Jr., owned an undivided one-half interest in the lands and the other outstanding one-half interest was in A. Devereaux and that the State of Texas did not procure the names of the legal heirs of the then record owners and did not use that diligence required to serve the defendants."

The next pertinent paragraph alleges: "These defendants say that at the time the purported judgment was taken by reason of the facts as alleged herein, title to the land and premises was then outstanding in them, and, therefore, they plead same to show that they had, and do now have a good and meritorious defense to plaintiff's suit No. 9602, for these defendants say that the said plaintiff has no title, other than under the purported judgment, which is void, and had they had an opportunity to be represented by counsel of their choice or be present in Court in person and by virtue of due and legal citation, they could have pressed their claim, and would have done so to the end that they would now be the owners of the fee simple title thereto, as is a fact, and these defendants say that the claims of the said plaintiff has no basis in law and constitutes a cloud upon their title."

To this pleading the Daubes leveled a number of exceptions and followed by answer to the merits of the motion.

The substance of the exceptions is that these petitioners do not "show good cause" such as is required by Rule 329 in order that one may take advantage of the rule.

Believing that the exceptions were well taken, the trial court sustained same and rendered judgment that petitioners take nothing.

We observe here that these petitioners did not ask leave to amend. They, evidently, were content to stand upon the motion for a new trial as it was prepared and filed, and the record fails to disclose that they were denied the right to amend.

Having appealed, these movants present eleven (11) points for consideration.

To quote all these points would unduly prolong an opinion that is of necessity quite lengthy because of the rather full statement of the record that is given above.

The substance of these points may be stated tersely but fairly and this we will endeavor to give.

It is asserted that the trial court "erred in entering its blanket order and in holding appellants' motion insufficient to show any legal right of action for the demand of a new trial" because in this motion the defects of the procedure were set out, and the record shows that some of the defendants were cited by publication and that no answer was filed for them, and the court's judgment recites matters that are absolutely negatived by the record; that it was error to refuse the motion for a new trial because such motion charges that the cause was heard in a town and place other than the County site, and therefore the motion presents an adequate and sufficient reason for a new trial; that the motion charges a gross fraud on the rights of all of the parties defendant, in that it alleges that the cause was tried at such place; that the judgment discloses that certain defendants were cited by publication and same recites that they appeared and answered by their attorney ad litem, and the only answer filed by any attorney ad litem on its face negatives such appearance or answer; that the exceptions leveled at the motion are all too vague, indefinite and general to be anything other than a general demurrer, and the trial court should not have considered them; the trial court erred in sustaining the exceptions without stating which were sustained, by number, and that if the motion was insufficient, the defendants were entitled to know what exception was sustained, and leave to amend should have been afforded; that the motion having alleged that the cause was tried in a place other than the county site, such renders the judgment void and shows good cause and a meritorious defense; that the trial court erred in attempting to dismiss as to Stuart Miller, the non compos mentis, because the judgment attacked is void; that the judgment being void, it does not matter how the several defendants were cited.

We observe here that there is no statement supporting any one of the propositions, but appellants' brief discloses only a "Discussion," following the eleven points. The authorities cited in the "Discussion" are Smith v. Higginbotham, Tex.Civ.App., 112 S.W.2d 770, Article 5, Section 7 of the State Constitution, Vernon's Ann.St. Articles 2039 and 2040 R.C.S., Bledsoe v. Haney, 57 Tex.Civ.App. 285, 122 S.W. 455, and Davis v. Hurst, Tex.Sup., 14 S.W. 610. None support any asserted right to set aside the judgment herein.

■ One of the most recent cases applying to such a situation as is presented by the case at bar is Sanns et al. v. Chapman et al., Tex.Civ.App., 144 S.W.2d 341 (writ dismissed, judgment correct). That case cites with approval several Supreme Court opinions. The first is Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684, 686 in which our Supreme Court said: " 'Good cause' within the meaning of article 2236 is shown when it is made to appear that defendant had no actual notice of the pendency of the suit prior to the time of trial of the cause, and has a meritorious defense against either the whole or a part of the cause of action asserted, the presentation of which would probably have resulted in entering of a different judgment."

Of like import, announcing the same principle, are also cited Ashton et ux. v. Farrell & Co. et al., Tex.Civ.App., 121 S.W.2d 611 (writ dismissed); Smalley v. Octagon Oil Co. et al., Tex.Civ.App., 82 S.W.2d 1049 (writ dismissed).

■ Tested by the rule laid down in the cases just cited the motion before the trial court was wholly lacking in the essential elements.

This proceeding is that of a motion for a new trial.

■ In Dixon v. McNabb, Tex.Civ.App., 173 S.W.2d 228 (writ refused) it was held that the trial judge was cognizant of the issues involved in the suit tried and such trial judge had the power to employ such knowledge in passing upon the demurrers leveled at the petition for a bill of review, and that allegations in a bill of review inconsistent with or contradictory to the record in the original suit are not admitted by a demurrer.

Such being found where a bill of review is involved, it necessarily follows that the same rule should be applied in a case brought under Article 2236, now superseded by Rule 329. It seems too plain to us to require further discussion that all of the

defendants in the original suit who were served with personal process and all who answered by and through an attorney have no standing or right under the Statute (or Rule). If there be found in the case before us some of the Miller heirs who were not represented by counsel, they are placed in the company with those who were personally served and those who were undoubtedly represented by counsel, and not one alleges by any verified petition that he had no actual notice of the pendency of the case prior to its trial, and furthermore the motion does not disclose a meritorious defense.

Boiled down we have found that appellants' contentions are: (1) As to the original judgment in the instant suit, that the irregularities set up in the motion simply render the judgment for Daube against them void.

With this contention we cannot agree. The matters complain of, if they existed, are mere irregularities that, at most, might render the judgment voidable, if presented in a proper manner and at the proper time, and if the parties affected could show that they were caused to suffer injury thereby.

The judgment sought to be set aside is regular upon its face. It cannot be said that it is void.

The attorney who was appointed by the trial court to represent the non compos mentis defendant, and all of the defendants cited by publication, who had not answered by and through their attorney, is associated with the firm of lawyers who filed this motion for a new trial, in fact, he signs the brief for appellants, and we find no affidavit by him denying the record and the statements found in the judgment, and we are not willing to hold that he was a party to any fraud against any of the defendants whom the judgment of the trial court recites that he represented.

The irregularities alleged do not render the judgment of this court of competent jurisdiction void. See Bridgman v. Moore, Tex.Sup., 183 S.W.2d 705.

(2) As to alleging a meritorious defense to Daube's suit, these appellants simply assert that, by reason of the alleged irregularities and matters of procedure, the judgment taken against these parties in the tax suit, by and through which Daube obtained the title to the lands in controversy, is simply void.

No copy of the judgment was attached to the motion. For aught we know it is perfectly regular upon its face.

We cannot hold that such a judgment is void merely because the motion so alleges.

This judgment was rendered more than six years before the present motion was filed.

The motion before us constitutes a collateral attack on the Tax Judgment and the exception addressed to these allegations is well taken.

Furthermore, the right to attack such judgment in a direct attack appears to be barred, and the exception addressed to the allegations is likewise well taken.

A well-considered opinion in the case of Mills v. Snyder et al., Tex.Civ.App., 8 S.W.2d 790, sustains the trial court and this court in the conclusion that the attack on the Tax Judgment is not tenable in the case before us, and that such tax judgment is a barrier to appellants' attack on the judgment obtained by Daube against them, unless and until such tax judgment is set aside by a direct attack.

Finding no error, the judgment of the trial court is affirmed.