**Karl SCHWARZ et al., Appellants,**

v.

**Allen SMITH et al., Appellees.**

No. 3623.

Court of Civil Appeals of Texas.

Waco.

June 4, 1959.

Rehearing Denied June 25, 1959.

P. Harvey, Philip J. Montalbo, Philip M. Shafer, Houston, for appellants.

Stovall & O'Bryant, P. R. Rowe, Clarence I. McFarlane, Houston, for appellees.

WILSON, Justice.

This is an appeal from judgment overruling appellants' motion under Rule 329, Texas Rules of Civil Procedure, for new trial in a trespass to try title action. Judgment had been rendered against appellants nearly two years before on citation by publication.

At the outset we are confronted with the contention that the original judgment is void for want of jurisdiction because of omission from the affidavit for publication of a statement that residence of defendants was unknown to plaintiffs; and of a statement that after due diligence plaintiffs and affiants had been unable to locate the whereabouts of defendants, as provided by Rule 109, T.R.C.P.

The original judgment recites "the defendants cited by publication herein, each and all were duly served with citation for the length of time and in the manner required by law to make service valid." The material portions of the affidavit are:

"That we are attorneys for the Plaintiffs in the above numbered and entitled cause and do make oath that the residences and the addresses of the named parties defendant hereinbelow set forth are unknown to us and to each of us; and that after long and diligent searches, inquiries and investigations, we are unable to locate their residences or their addresses."

In 1946 the Supreme Court amended Rule 109 by adding the provision that citation by publication should issue where the agent or attorney of a party shall make oath that the residence of any defendant is unknown "to such *party*."

Appellees urge that the omissions complained of are mere formal defects or irregularities which do not make the judgment void, and appellees are required by their motion to show good cause, as provided by Rule 329, to be entitled to a new trial.

The decisions in other jurisdictions are conflicting on this question (25 A.L.R. 1258) and our own decisions do not leave the matter free from doubt.

In Aluminum Co. of America v. Mineral Holding Trust, Tex., 299 S.W.2d 279, the Supreme Court, after pointing out that the Court of Civil Appeals had expressed doubt as to lack of jurisdiction because of asserted defects in the affidavit, held the affidavit sufficient. Three justices dissented on the ground that the affidavit did not comply with the rules and no jurisdiction was acquired over the person of the defendant cited by publication.

In Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, 367, it was held that since there was no statement of facts, presumptions supported a judgment made on affidavit asserted to be improvident and unfounded on fact as to defendant's residence being unknown. The court, quoting from Schleicher ·v. Markward, 61 Tex. 99 and Sharp v. Schmidt & Zeigler, 62 Tex. 263, held that defendant "urges an infirmity in the application for the issuance of citation by publication which, even if proven, would have rendered the judgment he sought to vacate irregular and voidable only. He still has the burden of showing a meritorious defense." See also Weston v. Van Meter, Tex.Civ.App., 297 S.W.2d 302, no writ hist.

In *Ditmore Land & Cattle Co. v. Hicks*, 155 Tex. 596, 290 S.W.2d 499, 500, the

Court of Civil Appeals, 282 S.W.2d 753 had found evidence sufficient to show the affidavit was false and fraudulently made, and had decided that the affidavit was insufficient to meet the requirements of the rule relating to affidavits by omitting the words that residence of defendants "cannot be ascertained after diligent inquiry." The Supreme Court held that "failure to comply with the rule and the admitted lack of diligence to locate the defendants rendered the service by publication ineffective." The Court of Civil Appeals had held that in the absence of a meritorious defense, the tax judgment under attack should stand. The Supreme Court directed this judgment should be undisturbed, but held sale thereunder for inadequate consideration could be set aside.

In Young v. Young, (Tex.Civ.App. no rehearing, 1910) 127 S.W. 898, there is language indicating the court is "without power" to render judgment. On reversal, however, the cause was remanded.

In Devereaux v. Daube, Tex.Civ.App., 185 S.W.2d 211, 215, no writ hist., the affidavit omitted a showing that residence was unknown to plaintiff. Appellants contended "the affidavit is null and void and could not support the citation by publication and gave the trial court no jurisdiction over the parties defendant." The court held this to be a "mere irregularity that at most, might render the judgment voidable * * * and do not render the judgment of this court of competent jurisdiction void."

■ Analysis of these and other authorities lead us to conclude the judgment here is not void and appellants were required to show as "good cause" under Rule 329, lack of actual knowledge of pendency of the action prior to rendition of judgment, and a meritorious defense. Smith v. United Gas Pipe Line Co., 149 Tex. 69, 228 S.W.2d 139; Commercial Credit Corp. v. Smith; Devereaux v. Daube, supra; 37 T.L.R. 209, 212. Under this holding, and for other reasons hereafter mentioned, we overrule appellants' points relating to evidence to support the jury findings as to degree of diligence to locate them.

■ Under twenty-six points appellants assert there was no evidence, alternatively insufficient evidence, to support the jury findings relating to adverse possession and the maturing of limitation title. Although couched in this language, the points as briefed actually present questions as to the legal effect of the evidence rather than its sufficiency. We will accordingly treat them, first holding there was sufficient evidence of probative force to support the answers to material issues.

Rebecca and Allen Smith acquired title to a ⅚ interest in tracts of 53 acres and 23 acres by purchase in 1913. The remaining interests were owned ⅙ each by Mrs. Annie Williams and C. I. McFarlane. The Smiths moved on the 23 acres, which was fenced, building a home on it before 1915. They farmed it continuously until Rebecca's death in 1947. The husband continued to live on the land until the trial, although because of advanced age he ceased to farm it sometime after 1950. When they moved on the 23 acre tract, the Smiths also fenced the 53 acres and pastured cattle on it. The fence was soon torn down and they did not rebuild it and ceased to use the tract. In 1939 a grazing lease was given to a tenant by Smiths, McFarlane and Mrs. Williams. This tenant immediately fenced the land, dug a well and located a windmill thereon and has kept it fenced and grazed cattle on it since. Allen Smith testified he and his wife continuously recognized the McFarlane and Williams interests. In 1953 Smith conveyed an undivided ½ interest in the two tracts to Morris & Butler. These three are plaintiffs in the trespass to try title suit filed in 1953 against numerous defendants, including the unknown heirs of Conrad Schwarz, cited by publication. Judg-

ment was rendered against them February 25, 1954.

Devisees and heirs of Schwarz (with G. H. Nagel, to whom they purported to sell and convey all the land and cause of action in 1955) filed a motion February 21, 1956, for new trial, alleging they had no notice or knowledge of the pendency of the suit until long after judgment. As defense they asserted title under Conrad Schwarz by a 1926 Sheriff's deed under default judgment against Smiths foreclosing the lien of a deed of trust the latter executed in 1913. Heirs of another devisee of Schwarz intervened. Some of the issues are evidentiary and will not be noticed.

■ The jury found that Smiths, themselves, or through a tenant had and held peaceable and adverse possession of the two tracts, using and enjoying them for a period of ten consecutive years or more between the date of the Sheriff's deed and the date of filing suit. Appellants contend the evidence on this issue merely shows permissive occupancy by Smiths and they were only tenants at sufferance after the Sheriff's deed, as a matter of law. The authorities relied on are cases in which defendants continued in possession after trespass to try title judgment in adversary proceeding or by consent; after entering as tenant, or after executing a deed. Smiths were not in possession of the 53 acre tract in 1926 when the Sheriff's deed was executed. The contention is overruled. Higgins v. South Texas Development Co., Tex.Com.App., 35 S.W.2d 98 and South Texas Development Co. v. Higgins, Tex.Civ.App.1937, 110 S.W.2d 997, writ ref.; American National Bank of Beaumont v. Wingate, Tex.Civ.App., 266 S.W. 2d 934, 940; Sweeten v. Park, 154 Tex. 266, 276 S.W.2d 794, 796; Green v. Vance, Tex. Civ.App., 311 S.W.2d 738, writ ref.; Tex., 314 S.W.2d 794. If notice or presumption of notice of repudiation had been necessary, there was sufficient evidence of it. Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; Mauritz v. Thatcher, Tex.Civ.App.,

140 S.W.2d 303, writ. ref.; IX Baylor Law Review, 168, 176.

■ Appellants say that since the possession of Smiths was admittedly amicable as to appellees McFarlane and Williams in recognition of their title to an undivided ⅔ interest in the land, their possession was not exclusive. They contend that since they are cotenants with McFarlane and Williams, possession was shared and not hostile. This postulate is invalid because Smiths do not assert title against McFarlane and Williams and claim adversely to appellants. Myers v. Frey, 102 Tex. 527, 119 S.W. 1142; Converse v. Ringer, 6 Tex.Civ.App. 51, 24 S.W. 705; Carter v. Webb, Tex.Civ.App., 239 S.W. 630, 631; Anzaldua v. Richardson, Tex. Civ.App., 287 S.W.2d 299, writ ref. n. r. e.; 2 Tex.Jur. 115, Sec. 60.

■■ Appellants say there was insufficient evidence, or none, to warrant submission of the issue of whether plaintiff's attorneys had used due diligence in attempting to locate the whereabouts of the devisees of Conrad Schwarz and their descendants. This was appellants' issue and the complaint as made is untenable. However, treating it as an assignment attacking the verdict, we hold there was sufficient evidence to sustain the jury verdict. The Schwarz will was probated in 1920. Some of the devisees were said to be children of a brother "who died in Germany some years ago," and whose children "when last heard from resided in or near New Haven, Connecticut." Others were described as children of a sister "who died in Allegheny, Pennsylvania some years ago, and whose names I do not know." The will recited that some of the "children and their descendants are living in the United States of America," and some in Germany. The final account filed in 1937 listed many beneficiaries, but not their country of residence or address. Other probate proceedings did not reflect the whereabouts of beneficiaries. The attorneys examined an abstract, searched

the deed records, examined a tax suit in which the petition recited "residences are unknown," and made inquiry of testator's first wife in Houston who said she did not know the residence of any, but that none lived there. The Houston directories and tax lists were examined.

The trial on appellants' motion consumed 10 days. The record consists of nearly 1,500 pages. We have examined this record in connection with appellants' 34 points and they are each overruled. However, there is an additional reason the judgment must be affirmed. Appellants had the burden under Rule 329 of showing as an element of good cause that they had no actual knowledge of the pendency of the trespass to try title suit before rendition of judgment. Dennis v. McCasland, 128 Tex. 266, 97 S.W.2d 684, 686; Pritzen v. Pritzen, Tex.Civ.App., 197 S.W.2d 363; Devereaux v. Daube, Tex.Civ.App., 185 S.W.2d 211; 37 T.L.R. 208, 210.

Appellants alleged they had no such knowledge. Movant Nagel testified his attention was called to the land by intervenor, Montalbo, an attorney, and he became interested in the land in 1950 or 1951 and looked at it, checking the records for the purpose of acquiring title. (Nagel had been engaged in the work of "locating heirs" for 15 or 20 years, in which work he examined records to ascertain people with "outstanding titles" to buy out.) During the next three years he attempted to locate the Schwarz heirs. There was evidence showing he knew the suit was pending at the time the petition and affidavit were filed.

"Q. When was it that you first learned about this lawsuit? A. Well, Montalbo told me about it. I changed my picture in buying from those heirs in Germany, when I learned about the lawsuit, because I was buying a lawsuit.

"Q. When was it that you first learned? A. I guess it was about four or five months after you started the law suit. It may have been a month. Montalbo said a lawsuit had been filed, and that's all I know, and I got busy."

He testified he notified heirs in Germany that there was a suit pending when he first learned of the lawsuit and that he thought he could acquire the property cheaper that "had messed up in a lawsuit." He testified that from 1951 he kept his eye on this property. He did not know judgment was rendered "until Montalbo told me." A letter in German from Nagel to Karl Schwarz in Germany dated March 27, 1954, thanking the latter for advising him as to heirs of Konrad Schwarz, says:

"A party has filed suit against the Schwarz heirs claiming '10 year limitation title.' I have a client who is interested in purchasing this land before judgment is taken against the heirs."

Neither Nagel nor any other witness testified to lack of actual knowledge on the part of appellants of the pendency of the suit before judgment, although some of Nagel's testimony may be construed otherwise. Nagel subsequently took deeds to the land. He was the only movant claiming any right, title or interest at the time the motion was filed. The least that can be said is that the issue of absence of actual knowledge was not conclusively established under the evidence. No issue was submitted and no issue was requested by appellants on this independent ground. Such issue was waived. Rule 279, T.R. C.P. The court expressly found that no good cause has been shown or exists. This finding is not challenged. Appellants failed to discharge the burden of establishing good cause.

The judgment is affirmed.