### JOSEPH STRICKLAND v. S. P. HARDWICK ET AL.
#### No. 6567.

**Suit to Avoid Sheriff Sale.**—A vendee of land sold at sheriff sale under such circumstances as to render the sale voidable can maintain an action to set aside the sale. The equity of the judgment debtor in the land after a fraudulent sale of it under execution can be sold by such debtor.

APPEAL from Taylor.   Tried below before Hon. T. H. Connor. The opinion states the case.

*D. G. Hill* and *H. A. Porter,* for appellant.—The court erred in denying the right of appellant to bring and maintain this suit as the assignee of Simmons.   Railway v. Freeman, 57 Texas, 156; Railway v. Stewart, 62 Texas, 246; Railway v. Wright & Seay, 2 Ct. App. C. C., sec. 340; Butter v. Railway, 22 Barb., 110; Comeys v. Vosse, 1 Pet., 213; Vincent v. Railway, 28 N. W. Rep., 612; Gross v. Spear, 58 Barb., 386; 3 Pome. Eq. Jur., sec. 1275; Green's Plead. and Prac., sec. 231.

*G. A. Kirkland,* for appellees.—Only the judgment debtor or such other parties as at the time have an interest in the property sold can object to an execution sale for irregularities or fraud.   No error is alleged to have been committed in making said execution sale which would render the same absolutely void.   Besides the fraud, the other acts complained of were but irregularities.   Bennet v. Gamble, 1 Texas, 124; Ayres v. Duprey, 27 Texas, 602; Hancock v. Metz, 15 Texas, 206; Wren v. Peel, 64 Texas, 380; Rorer's Jud. Sales, sec. 1084; Flanagan v. Pearson, 50 Texas, 382; Cravens v. Wilson, 48 Texas, 324; Pope v. Davenport, 52 Texas, 216; Sydnor v. Roberts, 13 Texas, 600.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellant to set aside an execution sale of land on the grounds of irregularities and inadequacy of consideration. The defendant in execution, who was the owner of the land when it was sold, subsequently sold and conveyed it to appellant.

The court sustained exceptions to the petition on the ground that the interest of the defendant in execution was not assignable and that the plaintiff could not maintain a suit to set aside the execution sale as a purchaser from and the assignee of the defendant in execution.

In this we think there was error. The equitable interest of the defendant in the land after its sale and his right to prosecute a suit to vacate the sale could be sold and conveyed to him. Railway v. Freeman, 57 Texas, 156; Stewart v. Railway, 62 Texas, 246.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 6, 1890.