**DITMORE LAND & CATTLE COMPANY et al., Appellants,**

v.

**H. R. HICKS et al., Appellees.**

No. 3169.

Court of Civil Appeals of Texas.

Eastland.

Sept. 16, 1955.

Rehearing Denied Oct. 21, 1955.

754

Conner & Conner, Eastland, for appellant.

W. D. R. Owen, Eastland, Paul A. Speer, Amarillo, for appellee.

LONG, Justice.

On November 17, 1948, the State of Texas instituted cause No. 338–A in the District Court of Eastland County against A. H. Johnson and sixteen other defendants to recover delinquent taxes and to foreclose liens on certain property located in said county.  In said suit, H. R. Hicks, Marie Cox, Walter Waldie, Jr. and Ott Miller were alleged to own or have an interest in 160 acres of land known as the P. A. Berry Survey, Abstract No. 660 in Eastland County.  The other defendants therein were sued for taxes on lands within the City of Cisco, Eastland County, Texas.  Thereafter, on March 10, 1949, based in part upon service by publication, the State of Texas recovered judgment for said delinquent taxes and for foreclosure of the tax lien on said property.  Based upon this judgment, the 160 acres of land known as the P. A. Berry Survey, being the land involved in this suit, was sold to Ditmore Land & Cattle Company by the sheriff of Eastland County for the sum of $625.  This is a suit in the nature of a bill of review brought by H. R. Hicks, Marie Cox, a feme sole, Walter Waldie, Jr., Walton Wesley Walker, Hall Walker, J. A. Estes and Ben J. Theimer against the State of Texas and Ditmore Land & Cattle Company, a corporation, to set aside said judgment and the sale made thereunder to the Ditmore Land & Cattle Company. The pleadings on the part of the plaintiffs are very voluminous but, so far as is material here, plaintiffs alleged that the judgment in cause No. 338–A was either void or

voidable for the reason that the citation by publication upon which the judgment was based was issued upon an insufficient and false affidavit of Horace Walker, attorney for the State of Texas; that said affidavit was fraudulently made by said attorney and that it was not in compliance with the Rules of Civil Procedure covering affidavits for citations by publication. Plaintiffs alleged that Hall Walker and Alton Wesley Walker were joint owners of an undivided interest in said tract of land prior to and at the time said tax suit was filed and judgment rendered therein and that they were necessary parties to said tax suit but were not made parties thereto and that they had no notice of such suit and the sheriff's sale of said land under the judgment in said cause No. 338–A. Plaintiffs, by trial amendment, offered to do equity in that they tendered payment to Ditmore Land & Cattle Company of the money that Ditmore Land & Cattle Company paid as the purchase price of said land, together with all taxes paid on the land since the sale to said company. Defendant, Ditmore Land & Cattle Company, answered by general denial and pleaded laches in bringing the suit.

Upon a trial before the court without a jury, judgment was rendered setting aside the judgment in the tax suit, cause No. 338–A, as to appellees Ott Miller, J. A. Estes, Ben J. Theimer, Walter Waldie, Jr., Hall Walker and Alton Wesley Walker. The court dismissed the case as against the State of Texas and entered judgment against H. R. Hicks, and Marie Cox that they take nothing by reason of their suit. All parties duly excepted to the judgment and gave notice of appeal to this court.

Plaintiffs in the bill of review case will be referred to as appellees and Ditmore Land & Cattle Company will be referred to as appellant.

Appellant, by its first point, contends the trial court erred in setting aside the tax judgment in cause 338–A because the evidence is insufficient to support said judgment. In other words, it is the contention of appellant that the evidence is insufficient to show that the affidavit filed by Horace Walker to obtain service by publication in the tax suit was false and fraudulently made. We do not agree with this contention. A. H. Johnson, one of defendants in the tax suit, although not alleged to be the owner of the land in controversy, was cited by publication. There is evidence that Mr. Johnson lived in Eastland at the time the affidavit was made and filed and had resided there for about forty years; that he was engaged in the real estate business and was in the court house at Eastland practically every day; that he was acquainted with Horace Walker, the man who made the affidavit; that Mr. Johnson had a telephone in his own name in the telephone directory in Eastland and that for twelve years he was postmaster in Eastland.

J. B. Williams, sheriff of Eastland County, testified that he was sheriff from January 1, 1947 to the latter part of 1950; that he knew A. H. Johnson and H. R. Hicks, defendants in the tax suit; that about 3,000 or 3,300 tax suits were turned over to him for the purpose of serving the citations. He further testified that he talked to Horace Walker about being unable to serve 6,000 people and that Mr. Walker instructed him to personally serve all of them he could and those he could not, to serve them by publication.

C. B. Graham, office deputy for the sheriff, gave similar testimony.

Hall Walker, one of appellees, testified that he had lived in Ranger for 50 years; that he lived there in 1948; that he knew H. R. Hicks who was living in Ranger in 1948 and 1949; that Hicks was engaged in the automobile business and had a business on the Strawn highway on the east part of Ranger where he occupied a sales building; that on said building was a large sign that read: "Hicks Motor Company"; that it was on the main highway and most of the retail business people in Ranger knew H. R. Hicks. The witness further testified that Hicks had a telephone listed in his name in the telephone book at Ranger. Walker testified that he knew Ott Miller and had known him as far back

as he could remember and that Miller was well acquainted with the business men of Ranger.

■ There is other testimony of similar nature sufficient to show that the residences of defendants in the tax suit were known and they could have been found by diligent inquiry. We are of the opinion that the affidavit filed by the attorney for plaintiff in the tax suit did not meet the requirements of Rule 117a, Texas Rules of Civil Procedure. That rule provides, in part, that where any defendant in a tax suit is a non resident of the state or is absent from the state or a transient person, or the name or the residence of any owner of any interest in any property upon which a tax lien is sought to be foreclosed is unknown to the attorney requesting the issuance of process and such attorney shall make affidavit that such defendant is a non resident of the state, or is absent from the state, is a transient person, or that the name or residence of such owners is unknown and cannot be ascertained after diligent inquiry, that citation by publication is proper. The affidavit filed by Walker in this case does not meet the requirements of the above Rule, in that, it is stated therein that the residences of the defendants are unknown and cannot be ascertained upon inquiry. The affidavit does not state "that they cannot be ascertained by diligent inquiry."

■ Walter Waldie, Jr. was not cited by publication. The affidavit of the publisher attached to the return of the citation by publication shows that "Mrs. Walter Waldie, Jr." was the person cited by publication. This was not sufficient service to sustain a judgment against Walter Waldie, Jr.

■ By its second point appellant contends the trial court erred in setting aside the tax judgment in cause No. 338–A as to Ott Miller, discharging him with his costs because Ott Miller is not a party plaintiff to the bill of review and sought no relief from the tax judgment. This contention is sustained. After careful examination of the record, it is disclosed that Ott Miller was not a party to the bill of review filed for the purpose of setting aside the tax judgment and the sale thereunder and, therefore, is not entitled to any relief.

By its fifth point appellant contends the trial court erred in setting aside the tax judgment on the ground that the same was procured by fraud for the reason that appellees have failed to do equity by tendering and paying into the registry of the court the amount paid by appellant upon the purchase of the lands involved in this suit. This contention is sustained. The record shows that appellant paid $625 as a consideration for the land. It is further disclosed that since it has been in possession of the land it has paid the taxes each year accruing thereon. Although appellees pleaded tender of the amount paid by appellant for the land and the taxes, the judgment is silent on this issue. It is nowhere shown that the money was paid into the registry of the court.

■ Appellees did not plead or prove a meritorious defense to the tax suit. They did allege that the land sold for an inadequate consideration. There was evidence to sustain this allegation. Under these circumstances, it is not necessary for appellees to plead and prove a meritorious defense. However, the burden is upon them to pay into the court the consideration paid by appellant for the lands, the amount spent by appellants for taxes on the land since the sale to it by the sheriff with interest on these amounts. Appellees are entitled to credit for the reasonable rental value of the land during the time appellants have been in possession thereof. When this has been done, appellees are entitled to have the sale from the sheriff to appellants set aside but the judgment in the tax case should be undisturbed. Rowland v. Klepper, Tex.Com.App., 227 S.W. 1096; Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731 (Writ Ref.).

■ Appellees cross assign as error the action of the court in holding that Marie Cox and H. R. Hicks are not entitled to

any relief and that they should take nothing by their suit. This assignment is sustained as to H. R. Hicks. The judgment against Hicks in the tax suit was based upon insufficient service. That is, the affidavit filed by the attorney for the State of Texas seeking to obtain service by publication did not comply with the Rules of Civil Procedure as heretofore stated. The assignment as to Marie Cox is overruled for the reason that she has no interest in the land.

■ By their cross assignment No. 2, appellees complain of the action of the trial court in refusing to allow recovery by H. R. Hicks and Alton Wesley Walker from appellants of the insurance money received by appellant as a result of the residence and barn on said land being destroyed by fire. The record shows that after appellant went into possession of the property in question it obtained an insurance policy on the house and barn located thereon and paid the premium therefor. The house and barn were destroyed by fire and appellant collected $2,000 insurance. Appellees were not parties to the contract of insurance, did not pay the premium therefor, and, so far as this record shows, they knew nothing about the property being insured. The policy of insurance was not in evidence. Insofar as we know, the policy was made for the use and benefit of appellant. There is no showing that it was made for the benefit of Hicks and Walker. There is no evidence that appellant was guilty of any negligence which caused the fire. Appellant, at the time the insurance was written and at the time of the fire, held title to the property under the tax judgment and sale. The deed from the sheriff to appellant and the judgment upon which it was based was not void but voidable. Appellant had an insurable interest in the property at that time. The contract of insurance was a personal one between appellant and the insurance company. The company did not insure the property against fire but insured appellant against loss by fire.

"A policy of fire insurance is a personal contract between insurer and insured, and not a contract which in any sense runs with the property, as considered supra § 224, and hence the insurance money is generally payable to the person whose interest is covered by the policy, without regard to the nature and extent of his interest in the property, or regardless of the fact that the insurance is for the exact amount of a lesser interest in the property, provided he had an insurable interest at the time of making the contract and also at the time of the loss, as considered supra §§ 179, 196–197, unless the policy stipulates for payment to another, discussed supra § 179, or unless insured has assigned his rights to the proceeds, considered infra §§ 1152, 1153, or has by some misrepresentation or change of title or interest avoided the policy or forfeited his rights thereunder, as considered supra §§ 514–531, 561–566, in which event it is not payable to him. * * *

"A person who is not either a party to the insurance contract or one for whose benefit it was written is not entitled to a share of the insurance proceeds by the mere fact that he has an insurable interest in the property insured, or has, without obtaining any title thereto, contributed to its purchase or construction. Where different persons have different interests in the same property, the insurance taken by one in his own right and on his own interest does not in any way inure to the benefit of another of such persons." 46 C.J.S., Insurance, § 1140, p. 19.

See also Grant v. Buchanan, 36 Tex. Civ.App. 334, 81 S.W. 820; Shelton v. Providence Washington Ins. Co., Tex.Civ. App., 131 S.W.2d 330.

We have concluded the trial court did not err in refusing to allow Hicks and Walker to recover from appellant the insurance money.

For the reasons herein assigned, the judgment of the trial court is reversed and the cause is remanded.