DITMORE LAND & CATTLE COMPANY v. H. R. HICKS ET AL

No. A-5549. Decided May 9, 1956.

Rehearing overruled June 13, 1956.
(290 S.W. 2d Series 499)

*Conner & Conner* and *Earl Conner, Sr.,* of Eastland, for petitioner, Ditmore Land & Cattle Company.

The Court of Civil Appeals erred in holding that the affidavit made by the attorney bringing the tax suit was an insufficient basis for the issuance of a citation by publication for the reason that the word "diligent" was omitted from the affidavit, it not thereby complying with Rule 117a, section 3. Said court also erred in holding said affidavit was false. It also erred in setting aside the trial court's judgment in the tax suit as to respondent Hicks, he not having perfected an appeal by giving an appeal bond and was not entitled to any relief from the trial court's judgment in an appeal by petitioner. State v. Wright, Texas 56 S.W. 2d 94; Garcia v. Ramos, Texas Civ. App., 208 S.W. 2d 111; Rouansville v. Bullard, 154 Texas 260, 276 S.W. 2d 791.

*Paul A. Speer,* of Amarillo, and *W. D. R. Owen,* of Eastland, for respondent, H. R. Hicks, et al.

Mr. Justice Culver delivered the opinion of the Court.

A tax suit was filed in 1949 against H. R. Hicks, Marie Cox, Walter Waldie, Jr. and Ott Miller as owners of a 160-acre tract in Eastland County. Judgment was rendered for taxes and for foreclosure of lien and on May 6, 1949, the sheriff sold the land to Ditmore Land & Cattle Company for the sum of $625.00.

Four years later, lacking two or three days, bill of review was brought by H. R. Hicks, Marie Cox, Walter Waldie, Jr., Hall Walker, his son, Alton Walker, J. A. Estes and Ben Theimer to set aside the judgment and sale. The trial court set aside the tax judgment as to Ott Miller, Estes, Theimer, Waldie and both Walkers, but held that H. R. Hicks and Marie Cox should take nothing.

The Court of Civil Appeals found that the evidence was sufficient to show that the affidavit filed by the attorney bringing the tax suit as a predicate to obtaining a service by publication was false and fraudulently made; that the property sold for an inadequate price, but that in the absence of any meritorious defense the tax judgment should stand and the sale under the judgment be set aside conditioned upon payment to Ditmore Company of the consideration given for the land plus amount of taxes paid by Ditmore since the sale less the reasonable rental value of the land during the time of Ditmore's possession.

The Court further held that as Ott Miller was not a party to the bill of review, judgment should not have been rendered in his favor. It affirmed the take-nothing judgment as to Marie Cox because she had no interest in the property but reversed in favor of Hicks. 282 S.W. 2d 753. The judgment of the Court of Civil Appeals as modified herein is affirmed.

Ott Miller sold this land reserving one-half of the minerals to Hall Walker in 1939. Subsequent to the tax judgment he sold the one-half mineral interest to Ben Theimer and J. A. Estes. In 1947 Walker sold, less the other one-half of the minerals to Marie Cox, and conveyed the mineral interest to Walter Waldie, Jr. in 1948. Marie Cox sold the land less the minerals to H. R. Hicks, retaining a vendor's lien in the sum of $4400.00, payable one year after date to Hall Walker. In the tax suit all parties defendant were cited by publication.

Rule 117a, Rules of Civil Procedure, provides that, as a

predicate for issuing citation by publication, the attorney filing suit shall make affidavit that the name or residence of such owner is unknown and cannot be ascertained after *diligent* inquiry. The affidavit omitted the word "diligent."

■ The evidence discloses that if a diligent inquiry had been made some or all of the defendants could have been found and personally served. The sheriff testified that some three thousand tax suits were placed with him for the service of process and that he was unable with his staff to serve personally six thousand defendants; that the attorney instructed him to serve personally all that he could and the others by publication. It is our opinion that the failure to comply with the rule and the admitted lack of diligence to locate the defendants renders the service by publication ineffective. The fact that the sheriff's office is swamped at one time with several thousand citations cannot serve as any excuse for failing to follow the rule.

■ We agree with the Court of Civil Appeals that the tax sale should be set aside and not the tax judgment. The taxes were due and owing and for that matter have now been paid by the purchaser at the tax sale. The taxing units have now no suit that could be maintained. This result is supported by the two cases cited by the Court of Civil Appeals. Rowland v. Klapper, 227 S.W. 1096 (Com. App. Judgment adopted by the Supreme Court), and Harrison v. Sharpe, 210 S.W. 731 (wr. ref.).

■ Petitioner, Ditmore, contends that the Court of Civil Appeals erred in reversing the trial court's judgment in respect to H. R. Hicks on the ground that Hicks did not perfect an appeal. Hicks asserts that as an appellee he was entitled to cross-assign error without taking an appeal and this would be true but for the fact that Hicks was not an appellee, nor was he made an appellee by Ditmore. He lost in the trial court and his only remedy would be by appeal from that decree. He purported to own the surface of the land. His claim was independent of claims asserted by others to any interest in the land. The trial court submitted no findings of fact and we are not told upon what grounds the court rendered judgment against Hicks, but clearly he is bound by that judgment and the Court of Civil Appeals is without power to reverse unless an appeal is duly perfected.

■ Ditmore complains of the Court of Civil Appeals setting aside the tax sale in so far as Theimer and Estes are concerned for the reason that Estes and Theimer were not parties to the

original tax suit. It is shown that these two parties did purchase from Ott Miller one-half of the minerals subsequent to the rendition of the tax judgment and having so acquired all of the right, title and interest owned by Miller in the land we think they succeeded to any rights that Miller would have to bring this bill of review. Ott Miller was cited by publication and it rather clearly appears from the record that his whereabouts could have been ascertained had a reasonable effort been made to locate him. Strickland v. Harwicke, 77 Texas 195, 13 S.W. 973. We also agree with the Court of Civil Appeals in setting aside the tax sale in favor of Hall Walker and his son, Alton. It is urged by Ditmore that although the Walkers were not named in the suit and were not the record owners of any interest therein, they were properly cited by publication as "unknown." In the first place Hal Walker was at the time of the suit and judgment the record owner of a $4400.00 vendor's lien and there was an affidavit on file in the deed records which revealed that the property was bought by Walker during his marriage and that his wife was dead at the time of the sale to Marie Cox, having been survived by Alton Walker. In the second place if the service by publication was invalid as to "known" owners, it is equally invalid as to "unknown owners." The requirement of the rule is the same as to both.

We, therefore, affirm the judgment of the Court of Civil Appeals in setting aside the sale as to Waldie, Theimer, Estes, Hall Walker and his son, Alton.

We further hold that the sheriff's deed passed whatever title Hicks may have owned, apparently the surface to petitioner, Ditmore.

The trial court may encounter some difficulty in apportioning among the parties the amount to be paid into court by each respectively, to comply with the judgment of the Court of Civil Appeals, but probably no more than these parties would have found in an effort to reach some agrement among themselves. The only difference made by our decision is that Ditmore takes the title formerly held by Hicks and would not need to account for the portion that would have been paid in by Hicks if the tax sale had been set aside as to him. For the reason that Hicks owned only the surface subject to whatever rights of the Halls, if any, it would appear, therefore, that Ditmore would not be charged with any rental for the use of the land, or the interest therein owned by Hicks.

One point raised by respondents remains to be considered although under our holding it may have become immaterial. After the sale under the tax judgment Ditmore insured certain improvements against loss by fire. The improvements were destroyed by fire and Ditmore collected the insurance. The respondents complained that the Court erred in refusing to allow them recovery from Ditmore of these insurance proceeds. This point is overruled.

The contract was personal between petitioner and the insurance company. No contention was made that any negligence of the petitioner caused the loss. 46 C.J.S., Sec. 1140, p. 19.

The judgment of the Court of Civil Appeals is modified and as modified is affirmed.

Opinion delivered May 9, 1956.

Rehearing overruled June 13, 1956.