AMERICAN STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, INC., Appellant,

v.

UNITED BANKERS LIFE INSURANCE COMPANY, INC., Appellee.

No. 20505.

Court of Civil Appeals of Texas, Dallas.

July 16, 1980.

**360**

Thomas E. Kurth, Charles L. Perry, Ronald W. Uselton, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellant.

Bernie Burner, Long, Dugger, Burner & Cotten, Austin, Dean Carlton, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

This temporary injunction appeal raises complex and novel questions that go to the merits of the main case. Without deciding these questions, we hold that the judge did not abuse his discretion in granting a temporary injunction against one defendant and denying temporary relief against the other.

The evidence shows that plaintiff American Standard Life and Accident Insurance Company, Inc. bought a line of accident insurance policies from Key Life Insurance Company. The contract obligated Key Life to "use its best efforts to keep available the services of its state agency managers to Buyer and to preserve its business with regard to the Purchased Assets and otherwise maintain its relations and goodwill with its agents and policyholders . . . concerning the policies which constitute the Purchased Assets."

Key Life's state agency manager in Texas was defendant R. L. Stephens. After execution of the commission agreement, Stephens had two meetings with certain agents of Key Life in which he introduced them to officials of defendant United Bankers Life Insurance Company. Soon afterward, Stephens was employed as an agency manager by United Bankers.

American Standard brought this suit for an injunction restraining both Stephens and United Bankers from soliciting or inducing any agents of American Standard or Key Life to terminate their existing agreements and go to work for United Bankers and from rewriting or transferring existing policies of American Standard and Key Life to United Bankers. After hearing evidence, the court granted the injunction with respect to Stephens and denied it with respect to United Bankers. Stephens did not appeal, but American Standard perfected an appeal, complaining of denial of the injunction against United Bankers. By cross points, United Bankers complains of the granting of the injunction against Stephens.

■ We hold that no abuse of discretion is shown. The issues are complex and the questions presented to the trial judge, and also on this appeal, are difficult. Among these questions are whether American Standard, by reason of its contract with Key Life for purchase of insurance policies, has standing to seek an injunction restraining United Bankers from soliciting the former agents of Key Life, and whether such an injunction is forbidden by article 1.14 or article 3.63 of the Texas Insurance Code, which prohibit some types of injunctions against insurance companies. American Standard contends that all these questions should be resolved in its favor as a matter of law, and, therefore, that the trial judge abused his discretion in denying the temporary injunction against United Bankers. On the other hand, United Bankers contends that these questions should be resolved against American Standard as a matter of law, and, consequently, the judge abused his discretion in granting the temporary injunction against Stephens.

We hold that neither the questions mentioned above, nor the various other questions raised on this appeal, have been answered in the briefs so conclusively as to establish that the trial judge abused his discretion. No controlling precedents have been cited by either party. Decisions of the various questions would require reasoning by analogy and deductions from general principles. Under these circumstances, the trial court had discretion to reserve these questions until development of all the facts on a final trial on the merits, and meanwhile to decide that the injunction against Stephens was sufficient to preserve the status quo. *Irving Bank & Trust Co. v. Second Land Corp.*, 544 S.W.2d 684, 688 (Tex.Civ.App.–Dallas 1976, writ ref'd n. r. e.). In this connection we note that the trial judge has given the case precedence and has set it for an early trial on the merits. Consequently, we need not review his order as if the parties' rights had been finally determined. *Reeder v. Intercontinental Plastics Manufacturing Co.*, 581 S.W.2d 497, 499 (Tex.Civ.App.–Dallas 1979, no writ).

■ These same considerations apply to the cross points of United Bankers complaining of the injunction against Stephens, who did not appeal. In view of this disposition, we have not considered the question of the standing of United Bankers to complain of that injunction. We have considered, however, and have overruled Stephens' motion to be allowed to present cross points as an appellee. He contends that since American Standard did not limit its appeal in the manner and within the time prescribed by Rule 353 of the Texas Rules of Civil Procedure, he must be considered a party to the appeal, as he was in the trial court, though not named in the appeal bond.

We hold that Stephens is not a party to this appeal. The appeal by American Standard cannot affect him, since American Standard was successful in obtaining all the relief it sought against him. American Standard's appeal complains of the order to the full extent that the order is adverse to it. Under these circumstances no limitation of the appeal by American Standard was appropriate. Since the trial court's order was adverse to Stephens, he could not have been justified in expecting that American Standard would complain of that order as it affected him and thus give him an opportunity to reply and assert cross points. If he desired to complain of the order, he had the

burden to perfect his own appeal. *Ditmore Land & Cattle Co. v. Hicks*, 155 Tex. 596, 290 S.W.2d 499, 500–01 (1956); *Horter v. Herndon*, 12 Tex.Civ.App. 637, 35 S.W. 80 (1896). Therefore, his motion is overruled.

Affirmed.