## MICHAEL E. BLACK PROFIT SHARING PLAN, Appellant,

v.

## Jack Alexander STEPHENS and Curtis Johnson, Appellees.

### No. 07–97–0369–CV.

Court of Appeals of Texas, Amarillo.

Aug. 3, 1998.

Rehearing Overruled Aug. 18, 1998.

Paul H. Williamson, Lance E. Mullins, Burdett, Morgan & Thomas, LLP, Amarillo, for appellant.

Oth Miller, Miller, Gutzmer, Vandivere & Hancock, PC, Amarillo, for appellees.

Before QUINN and REAVIS, JJ., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Retired).

This appeal requires us to determine whether the trial court correctly held that lienholder Curtis Johnson, the named loss payee in a policy of fire insurance issued to Jack Alexander Stephens, was entitled to all the policy proceeds to the exclusion of lienholder Michael E. Black Profit Sharing Plan (Black), with whose predecessor Stephens contracted to, but did not, name as a loss payee. Crediting the court with a correct holding, we will affirm.

To construct a house on property he was developing in a rural area of Randall County, Stephens secured four loans from Johnson and one from Jim Edwards, the payment of each of which was secured by a deed of trust lien. By assignments, the Edwards note and lien became the property of Black.[1]

In order of dates, the Johnson and Black recorded deeds of trust to secure Stephens's notes in the amounts shown were:

1. Johnson deed of trust dated 4 March 1993 securing a note in the principal sum of $50,000;

2. Johnson deed of trust dated 18 May 1993 securing a note in the principal sum of $25,000;

3. Black deed of trust dated 21 July 1993 securing a note in the principal sum of $25,800;

4. Johnson deed of trust dated 4 October 1993 securing a note in the principal sum of $20,000; and

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. Stephens stated in his deposition testimony that Edwards, who arrived from Costa Rica to attend to some personal matters, arranged with his wife's family to loan to him, Stephens, the money represented by the note when Johnson "would not go any further with this thing;" and, when Edwards desired to return to Costa Rica and he, Stephens, could not repay the loan, Edwards sold the note with the accompanying lien to Copal Investments, which then assigned the note and lien to Black.

5. Johnson deed of trust dated 1 December 1993 securing a note in the principal sum of $10,000.

Each deed of trust required Stephens to procure insurance upon the improvements for the benefit of the lienholder. Stephens secured from the Farmers Insurance Group of Companies (Farmers) a policy of insurance on the improvements, which named Stephens as the insured and only Johnson as the beneficiary of the proceeds to the extent of his interest in the property. Neither the insurance policy nor the date of its issuance is shown in the appellate record. Stephens did not procure other insurance for the benefit of Edwards.

While the Farmers policy was in force, the house was destroyed by fire. Faced with multiple claims to the policy proceeds, made by Stephens and many other claimants, Farmers filed a petition in interpleader against the claimants and tendered the policy proceeds of $144,000 into the registry of the trial court. The court determined that Johnson and Black were the only parties entitled to assert against Stephens their claims of the existence and priority of liens which related to the policy proceeds, and severed their claims into the cause of action underlying this appeal.

Both Johnson and Black moved for summary judgment for the unpaid principal amount of indebtedness owed to each, together with the interest and attorney's fees provided for in the notes secured by deeds of trust. Each motion was supported with documents evincing the creation of each loan made to Stephens, his execution of the deed of trust lien securing the repayment of each loan, and the unpaid principal balance due on each loan.

Ordering that Johnson recover from Stephens the principal amount of $106,509.85, accrued interest in the sum of $55,434.52, and attorney's fees of $14,600, a total in excess of the policy proceeds, the trial court rendered a final summary judgment decreeing that

Johnson, for the sole reason of being the only mortgagee named in the Farmers policy, was entitled to, and ordering that he be paid, all the policy proceeds in the registry of the court, plus accrued interest thereon. Also ordering that Black recover from Stephens the principal amount of $25,800, accrued interest in the sum of $23,055.79, and attorney's fees of $4,600, the court decreed that Black possessed an equitable lien against the policy proceeds in an amount owed it by Stephens, but that it take none of the policy proceeds.[2]

Appealing, Black employs five points of error to contend that the trial court erred in granting all of the policy proceeds to Johnson, and that it established its right to a portion of the proceeds.[3] It is Black's position that although not named a loss payable beneficiary in the Farmers policy, it, by virtue of Stephens's unfulfilled deed of trust agreement to name Black's assignor as a loss payable beneficiary, has an equitable lien on the policy proceeds, and is entitled to be paid in the normal order of priority of the liens. Black submits that in the normal order of priority, the policy proceeds are sufficient to pay Johnson's two prior lien indebtedness and its third-in-line lien indebtedness.

Black stakes its position on two principles. The first is stated in, among other authorities, *Fidelity & Guar. Ins. Corp. v. Super-Cold Southwest Co.*, 225 S.W.2d 924, 925 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.), in these words:

> It has been held many times by the courts of this state and practically every other state in this country that an agreement between a mortgagor and a mortgagee under which the mortgagor is charged with the duty of procuring insurance upon the mortgaged property for the benefit of the mortgagee, will encumber the proceeds of any insurance so procured by the mortgagor with a lien in favor of the mortgagee. In such cases it is the duty of the mortgagor to have a provision inserted in the

2. The court further provided for Johnson's and Black's recovery from Stephens of designated amounts of attorney's fees in the event of an appeal to the Court of Appeals and to the Supreme Court.

3. Although named as an appellee, Stephens did not participate in the appeal.

policy that the proceeds shall be payable to the mortgagee as his interest might appear but, where he fails to do so, equity will treat the policy as having contained such a provision upon the principle that equity treats that as done which should have been done.

The second was enunciated, among other authorities, in *Kirkpatrick v. Great American Ins. Co.*, 299 S.W. 943, 945 (Tex.Civ.App.—Waco 1927, no writ), as the rule "which gives priority in rank to equitable assignments in the order of their dates without regard to notice to the debtor."

The principle expressed in *Super–Cold Southwest Co.* is, as illustrated there, applicable in a controversy over entitlement to insurance proceeds between the insured and a mortgagee with whom the insured contracted to name as a loss payable beneficiary in the policy, but did not do so. *See, e. g., State Farm Fire & Cas. v. Leasing Enterprises*, 716 S.W.2d 553, 554 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). But that is not the situation presented by this appeal; and, in the state of the record, there are two reasons why Black is not entitled to share in the proceeds of the policy.

First, here the controversy over the entitlement to the insurance policy proceeds is between two mortgagees, only one of whom is named in the policy as a loss payable beneficiary. In this situation, the general rule is that the proceeds for the loss are payable only to the mortgagee provided for in the policy. *Ditmore Land & Cattle Company v. Hicks*, 282 S.W.2d 753, 757 (Tex.Civ. App.—Eastland 1955), *modified on another ground and aff'd*, 155 Tex. 596, 290 S.W.2d 499 (1956); *Jeffreys v. Boston Ins. Co.*, 202 N.C. 368, 162 S.E. 761, 762 (1932).

Second, unless Black has shown that the Farmers policy was issued after Stephens agreed to procure insurance with a loss payable clause in its (Edwards's) favor, then Black is a stranger to the Farmers policy and, as such, may not sue thereon. *Hermann Hosp. v. Liberty Life Assur. Co.*, 696 S.W.2d 37, 40 (Tex.App.—Houston 1985 [14th Dist.] 1985, writ ref'd n.r.e.). Absent proof of the date of the policy's issuance,

Black has not met its burden to show that the policy was made for its benefit and to evince any right to share in the policy proceeds. *Ditmore Land & Cattle Company v. Hicks*, 282 S.W.2d at 757.

We, therefore, overrule Black's points of error by which it contends the trial court erred in granting Johnson's motion for summary judgment and awarding him all of the insurance policy proceeds. The overruling of those points pretermits an address of Black's other points of error.

Accordingly, the judgment of the trial court is affirmed.